[No. 22292-9-I.   Division One.   April 16, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. DENNIS LAWAYNE HUTTON, *Appellant.*

---

Theresa B. Doyle and Neil M. Fox of Washington Appellate Defender Association, for appellant.

Norm Maleng, Prosecuting Attorney, and Greg R. Hubbard, Deputy, for respondent.

PEKELIS, J.—Dennis Hutton appeals his conviction on one count of taking a motor vehicle without permission. He contends that the trial court should have suppressed his statement made while in police custody because the arresting officer's Miranda[1] warnings did not specifically inform him that he would be provided a lawyer "without charge".

## I

On January 14, 1988, Melissa Jo Hill left her car at a parking lot in Federal Way. When she returned that evening, she discovered her car had been stolen and immediately called the police.

The following day, Officer Jim Pugel and his partner were out patrolling when they saw a car stalled in the middle of an intersection. The officers approached the car and asked the driver to move out of the intersection. Although the driver tried, he could not operate the car. Officer Pugel became suspicious because the driver and the passenger

---

[1]Miranda v. Arizona, 834 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

looked to be of school age and he knew school was in session. In addition, the driver could produce neither a driver's license nor the vehicle's registration. Officer Pugel also noticed a screwdriver and some Vise Grips on the car floor. Apparently at this point, the officers received word over the radio that the car had been reported stolen.

Officer Pugel then arrested the driver, Gabriel Foster, and the passenger, Dennis Hutton. While Foster and Hutton were in the back of the patrol car, Officer Pugel read them *Miranda* warnings, including a "juvenile addition" from a card he kept in his possession:

> You have the right to remain silent. Anything you say can be used against you in a court of law. If you are under the age of 18, anything you say can be used against you in a Juvenile Court prosecution for a juvenile offense and can also be used against you in an adult court criminal prosecution if the Juvenile Court decides that you are to be tried as an adult.
>
> You have the right at this time to an attorney of your own choosing, to have him present before and during questioning and the making of any statement. *If you cannot afford an attorney, you are entitled to have an attorney appointed for you by a court and to have him present before and during the questioning and the making of any statement.* You have the right to exercise any of the above rights at any time during any questioning and the making of any statement.

(Italics ours.)

Officer Pugel testified that he asked Foster and Hutton whether they understood their rights and whether they wished to waive them. According to Officer Pugel, both answered or nodded "yes".

Officer Pugel then began questioning the boys together. Foster and Hutton apparently told Officer Pugel that they had not taken the car but admitted they knew it was stolen. Hutton neither asked to speak to an attorney, nor expressed any confusion about his right to counsel.

Hutton was charged with one count of taking a motor vehicle without permission. At a bench trial, he moved to suppress his custodial statement on the ground that Officer Pugel's warnings did not comply with the requirements of

*Miranda* or CrR 3.1(c)(1). The trial court reserved its ruling on the motion to suppress until the conclusion of trial. After hearing argument from counsel, the trial court ruled that the *Miranda* warnings Hutton received were proper, found Hutton's waiver was knowing and voluntary, and concluded that Hutton's statement was admissible. Hutton was found guilty as charged.

## II

Hutton contends that the trial court erred in failing to suppress evidence of his incriminating statement made while he was in police custody. Specifically, he contends that his waiver of *Miranda* rights was not knowing and voluntary because Officer Pugel failed to advise him that an attorney would be appointed "without charge" as required by CrR 3.1(c)(1).

CrR 3.1(c)(1) provides:

> When a person is taken into custody that person shall immediately be advised of the right to counsel. Such advise shall be made in words easily understood, *and it shall be stated expressly that a person who is unable to pay a lawyer is entitled to have one provided without charge.*

(Italics ours.)

Under *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), an individual in custody must be advised, among other things, that he has the right to an attorney, and that if he cannot afford one, the court will appoint him an attorney prior to questioning. *State v. Rupe,* 101 Wn.2d 664, 676, 683 P.2d 571 (1984). The advisement need not follow "word for word" the precise language in *Miranda,* but must inform the defendant of his rights "in a way which conveys their full import." *Rupe,* 101 Wn.2d at 677 (citing *California v. Prysock,* 453 U.S. 355, 69 L. Ed. 2d 696, 101 S. Ct. 2806 (1981) (per curiam)).

Hutton contends that CrR 3.1(c)(1) goes beyond the requirements of the constitution, arguing that *Miranda* warnings must track the language in CrR 3.1(c)(1) verbatim. In support, he cites *Heinemann v. Whitman Cy.,* 105

Wn.2d 796, 718 P.2d 789 (1986). There, the court held that former JCrR 2.11(c), the juvenile court counterpart to CrR 3.1(c)(1), is broader than the right to counsel guaranteed by *Miranda* and extends to all defendants in custody regardless of whether judicial proceedings have been initiated. *Heinemann,* 105 Wn.2d at 802.

It does not follow from the holding in *Heinemann* that, as Hutton contends, CrR 3.1(c)(1) is broader than *Miranda* in every respect. Indeed, no Washington court has held that CrR 3.1(c)(1) requires *Miranda* warnings specifically to include the advice that counsel will be appointed "without charge". Nor does the plain language of CrR 3.1(c)(1) require more than the constitution. CrR 3.1(c)(1)'s requirement that the right to appointed counsel without charge be "stated expressly" does not mandate that *Miranda* warnings track the language of CrR 3.1(c)(1) "word for word". *Webster's Third New International Dictionary* defines "expressly" as "in direct or unmistakable terms : in an express manner : EXPLICITLY, DEFINITELY, DIRECTLY". *Webster's Third New International Dictionary* 803 (1976). "Express" is distinguished from "verbatim" which means "word for word : in the same words". *Webster's Third New International Dictionary* 2542 (1976). Here, Hutton was advised that if he could not afford an attorney, the court would nevertheless appoint him counsel. The meaning of this advisement is unmistakable: in the event Hutton had no money to pay for an attorney, the court would appoint him one. Moreover, nothing in the record even suggests that Hutton was confused about his right to counsel.

While one could argue that the addition of the words "without charge" would make the warning even clearer, Washington law requires only that *Miranda* warnings be worded in a way which "conveys their full import." *Rupe,* 101 Wn.2d at 677. Measured against this standard, the warnings Hutton received were adequate. Therefore, the

trial court did not err in denying Hutton's motion to suppress his custodial statement.

Affirmed.

GROSSE, A.C.J., and WINSOR, J., concur.