[No. 12416-9-III.   Division Three.   December 14, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. REBECCA N. TELLER, *Petitioner.*

*Jay Ames,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Larry D. Steinmetz, Deputy,* for respondent.

THOMPSON, C.J. — Rebecca N. Teller was charged with driving while intoxicated. Prior to trial, the District Court suppressed the results of her breath test as well as statements she made to an officer because the warnings she received did not satisfy CrRLJ 3.1.[1] The Superior Court reversed the suppression order and remanded for trial. We affirm the Superior Court.

On January 26, 1991, Ms. Teller was stopped by Trooper Garrett of the Washington State Patrol on suspicion of driving while intoxicated. She was arrested and transported to the Spokane Public Safety Building. According to Ms. Teller:

> At the Public Safety building, Trooper Garrett first asked me if I wanted to call my attorney. I told Trooper Garrett "no" because I did not have an attorney. Trooper Garrett then read my constitutional rights.[2]

---

[1]CrRLJ 3.1 provides in pertinent part:

"**(c) Explaining the Availability of a Lawyer.**

"(1) When a person has been arrested he or she shall as soon as practicable be advised of the right to a lawyer. Such advice shall be made in words easily understood, and it shall be stated expressly that a person who is unable to pay a lawyer is entitled to have one provided without charge.

"(2) At the earliest opportunity a person in custody who desires a lawyer shall be provided access to a telephone, the telephone number of the public defender or official responsible for assigning a lawyer, and any other means necessary to place him or her in communication with a lawyer."

[2]Ms. Teller's statements were contained in an affidavit prepared for the suppression hearing.

The following constitutional rights were read to Ms. Teller:

[1.] You have the right to remain silent. . . . [2.] Any statement that you do make can and will be used against you and stand up against you in a court of law. [3.] You have the right at this time to an attorney of your own choosing and to have him or her present before or during questioning, or the making of any statements. [4.] If you cannot afford an attorney you are entitled to have one appointed for you by the court without cost to you and to have him or her present before or during questioning or the making of any statement. [5.] You have the right to exercise any of the above rights at anytime before or during any questioning and the making of any statement.

Ms. Teller did not ask for an attorney. She signed a form stating that *Miranda* warnings had been read to her and she did not want to exercise her rights at that time. She subsequently made statements to the trooper and consented to a blood test.

### WARNINGS UNDER *MIRANDA* AND *DUCKWORTH*

1. Contentions. Ms. Teller contends her constitutional rights under both the Washington Constitution and the fifth amendment to the United States Constitution were violated because the warnings she received were insufficient under *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). She argues she should have been told there was a public defender on call to answer her questions, not that she was entitled to have an attorney appointed for her "by the court". Further, by being asked if she wanted to call her attorney before being advised of her rights, she was misled into believing she was entitled to an attorney during court proceedings but, at the time of her arrest, was expected to call her own attorney. She cites *State v. Creach*, 77 Wn.2d 194, 198, 461 P.2d 329 (1969) and *State v. Tetzlaff*, 75 Wn.2d 649, 453 P.2d 638 (1969) and contends neither was overruled in *Duckworth v. Eagan*, 492 U.S. 195, 106 L. Ed. 2d 166, 109 S. Ct. 2875 (1989).

The State contends the warnings required by *Miranda* need not be a "virtual incantation" of the precise language contained in that opinion. They need only "reasonably con-

vey" those rights. *Duckworth*, at 203. Ms. Teller was advised of her right to have an attorney present *before* and *during* questioning or the making of any statement. According to the State, the warning given clearly indicated if she had no money, an attorney would be obtained without cost to her before and during any questioning.

2. Warnings Required. A *Miranda* warning is constitutionally defective if it misleads a suspect into believing his or her right to counsel only arises in the future or is conditioned on some future event. *California v. Prysock*, 453 U.S. 355, 69 L. Ed. 2d 696, 101 S. Ct. 2806 (1981). The defect arises from the failure to inform a suspect of the right to have counsel present if he or she chooses to answer questions. *Duckworth*, at 204-05.

In *Duckworth*, the issue was whether a warning that counsel would be appointed "if and when you go to court" was constitutionally defective. The Court held the warning was not defective because the suspect had been given initial warnings which "touched all of the bases required by *Miranda*", including the right to counsel before questioning and the right to stop answering anytime until counsel was present. *Duckworth*, at 203-04.[3] The Court reiterated its earlier rulings that *Miranda* warnings need not be given in any particular format. "The inquiry is simply whether the warnings reasonably 'conve[y] to [a suspect] his rights as required by *Miranda*". *Duckworth*, at 203 (quoting *Prysock*, 453 U.S. at 361). *See also State v. Rupe*, 101 Wn.2d 664, 677, 683 P.2d 571 (1984) (citing *Prysock* and holding that the precise language of *Miranda* is not required). Like the warnings given in *Duckworth*, the warnings given Ms. Teller reasonably conveyed her rights under *Miranda*.

Ms. Teller also contends her warnings were insufficient under *Tetzlaff* and *Creach*. The State contends *Duckworth*

---

[3]In addition, the warning accurately stated the procedure for appointing counsel under Indiana law. Under Indiana law, an attorney is appointed for a criminal defendant at the defendant's initial court appearance. Ind. Code § 35-33-7-6 (1985).

overruled *Tetzlaff* and *Creach*. We do not agree with either contention.

In *Tetzlaff*, a suspect was advised he had the right to an attorney before making any statement and at the time of making a statement. He was also told if he had no resources, "I have a right to wait and *if I am charged* the court will provide me with an attorney." *Tetzlaff*, at 650. In finding the warning inadequate under *Miranda*, the court explained:

> An examination of the record here makes it clear that this defendant was merely advised that he was entitled to free legal counsel *if charged or when brought before a court*. That advice was insufficient.

*Tetzlaff*, at 652. In *Creach*, at 196, a suspect was read a number of preliminary questions, including the following:

> Q. *Do you understand that you have the constitutional right to have the advice of an attorney before making this statement?*
> Q. *Do you understand that if you do not have the funds to hire an attorney the court will appoint an attorney for you free of charge to you?*

*Creach* found the warning inadequate under *Miranda*, focusing on the failure of the officers to advise the suspect he had the right to have an attorney present during interrogation.

█ Unlike the suspect in *Creach*, Ms. Teller was told she had the right to have an attorney present *before and during* questioning. Unlike the suspect in *Tetzlaff*, Ms. Teller was not told she had the right to free legal counsel *if charged*. She was told she had a right to counsel without cost "and to have him or her present before or during questioning, or the making of any statement". The trooper's question whether she wanted to call her attorney, which preceded the reading of the *Miranda* warnings, was not misleading in light of the explanation which followed.

3. Holding. *Creach* and *Tetzlaff* presented facts which distinguish them from those in *Duckworth* and those in this case. We hold the warnings given to Ms. Teller reasonably conveyed her rights under *Miranda*.

## CrRLJ 3.1

1. <u>Contentions</u>. Ms. Teller also contends that even if she did not have a constitutional right to counsel upon arrest, she had such right under CrRLJ 3.1. She cites *Spokane v. Kruger*, 116 Wn.2d 135, 803 P.2d 305 (1991) and *Bellevue v. Ohlson*, 60 Wn. App. 485, 490, 803 P.2d 1346 (1991). She argues the warnings she received violated CrRLJ 3.1 because they were not reasonably understood and did not explain that an on-call public defender was available to her.

The State contends Ms. Teller's claims were dismissed in *State v. Wurm*, 32 Wn. App. 258, 647 P.2d 508 (1982), *aff'd sub nom. State ex rel. Juckett v. Evergreen Dist. Court*, 100 Wn.2d 824, 675 P.2d 599 (1984). According to the State, if *Miranda* warnings are sufficient to advise a suspect of a right to counsel, there are no additional requirements imposed by CrRLJ 3.1. *Evergreen*, at 831; *State v. Hutton*, 57 Wn. App. 537, 789 P.2d 778 (1990). The State need not ensure that those arrested for driving while intoxicated are assured of counsel; they simply must not be denied access where counsel is requested. *State v. Halbakken*, 30 Wn. App. 834, 836, 638 P.2d 584 (1981).

2. <u>CrRLJ 3.1</u>. CrRLJ 3.1 does not require that a suspect receive warnings in addition to those required by *Miranda*. Neither does the rule require that all warnings track the language of the rule. *Evergreen*, at 831; *Hutton*, at 540-41. It requires that a suspect be advised of the right to counsel as soon as feasible and if legal assistance is requested, access must be provided. *Evergreen*, at 831. Finally, it requires that a suspect be advised in words that are easily understood.

Ms. Teller did not request access to a telephone or to a lawyer, even though told she was entitled to a lawyer before questioning. CrRLJ 3.1 does not require the State to tell a suspect that an on-call lawyer is available.[4] The District

---

[4]The State does not dispute Ms. Teller's statement that the Spokane County Public Defender's Office makes an attorney available in person or by telephone at all hours. Under the circumstances, we fail to understand why Spokane County has not deleted the "by the court" language from its warnings. The language

Court's conclusion that Ms. Teller was confused about her right to counsel under CrRLJ 3.1 is not supported by the record. The relevant part of the record consists only of Ms. Teller's affidavit and a recitation of the warnings she received. As the State contends, police officers need not anticipate unexpressed confusion. *Wurm*, at 264.

The record also fails to support Ms. Teller's contention, raised for the first time in this court, that she did not knowingly and intelligently waive her right to counsel. *State v. Crane*, 116 Wn.2d 315, 335, 804 P.2d 10, *cert. denied*, ___ U.S. ___, 115 L. Ed. 2d 1033, 111 S. Ct. 2867 (1991).

We affirm the Superior Court and remand for trial.

SWEENEY, J., and SCHACHT, J. Pro Tem., concur.

Review denied at 123 Wn.2d 1029 (1994).

could create confusion and violate a defendant's constitutional rights in a case factually dissimilar to the one before us.