27 P.3d 222 (2001)
107 Wash.App. 141
STATE of Washington, Petitioner,
v.
John D. TEMPLETON, Benjamin Marginean, James Marsh and Richard Post, Respondents.
Nos. 45384-0-I, 45386-6-I, 45387-4-I, 45969-4-I.
Court of Appeals of Washington, Division 1.
July 9, 2001.
*223 Ann Marie Summers, King County Pros. Ofc., Seattle, for Appellant.
William A. Bowman, Bellevue, Joseph Schlosser, Kirkland, Kay Lee, Poulsbo, Jon Fox, Bellevue, for Respondents.
ELLINGTON, J.
CrRLJ 3.1 provides that the right to counsel accrues "as soon as feasible" after arrest. We are asked to decide whether the Supreme Court exceeded its powers in enacting the rule. We hold the court did not exceed its *224 powers, the rule is valid, and the results of the breath tests in these cases were properly suppressed.

I
Four cases are consolidated in this discretionary review. Each Respondent was stopped by a State Patrol officer, arrested for driving under the influence, given Miranda[1] warnings, and transported to the police department. Each was advised of the right to talk to an attorney before answering any questions, and to have an attorney present during questioning. Each waived those rights. Each Respondent was also given implied consent warnings,[2] and each agreed to submit to a breath test. After answering additional questions, each took the breath test. Once the test results were in hand, each was cited for DUI.
In the cases against Templeton, Marsh, and Marginean, the district court suppressed the results of the breath test, holding the advisement of rights failed to satisfy CrRLJ 3.1. The Post court refused to suppress. On appeal, the superior court held that suppression was required in all four cases. We granted discretionary review, and affirm the superior court.

II
CrRLJ 3.1[3] provides that the right to counsel shall accrue "as soon as feasible after the defendant has been arrested,"[4] and that an arresting officer is required to advise an arrested person of his or her right to a lawyer "as soon as practicable."[5] According to the State, the rule amounts to judicial creation of a substantive right, which exceeds the Supreme Court's rule-making authority. According to Respondents, the rule is procedural and squarely within the Court's province.
Neither the state or federal constitutions confers a right to counsel immediately upon arrest. Under the Sixth Amendment (and our state constitution article I, section 22), a defendant has a right to counsel at any critical stage in a criminal prosecution.[6] The Sixth Amendment right attaches, however, only after the initiation of formal judicial criminal proceedings.[7] When a person is arrested for DUI, the Sixth Amendment right to counsel does not attach until a citation is issued.[8] Respondents here had not yet been cited when they were asked to take the breath test, and their Sixth Amendment right to counsel had not yet attached. Nor did a right to counsel arise under the Fifth Amendment or state constitution article I, section 9, because a breath test is not testimonial communication.[9]
Our Supreme Court is well aware that CrRLJ 3.1 "goes beyond the requirements *225 of the constitution."[10] The question is whether the rule is a proper exercise of judicial power. The legislature has expressly granted to the Supreme Court the power "to regulate and prescribe by rule the forms for and the kind and character of the entire pleading, practice and procedure to be used in all suits, actions, appeals and proceedings of whatever nature by the ... courts of the state."[11] In addition, courts have inherent power to prescribe rules for procedure and practice.[12] Some commingling and overlapping of powers between the three separate branches of government must be expected,[13] and lines cannot always be clearly drawn between that which is substantive and that which is procedural. In general, "[s]ubstantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertains to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated."[14]
A court rule need not be grounded in a right conferred by the constitution or legislature; a rule has legitimacy if there is a nexus between the rule and the procedural powers or responsibilities of the court. In this regard, two cases are particularly germane. In State v. Smith[15] the issue was the right to bail pending appeal following conviction of a capital offense. The court rule, CrR 3.2(h), authorized bail in all cases, including capital cases. The rule conflicted with RCW 10.73.040, which authorized bail for all criminal actions except "capital cases in which the proof of guilt is clear or the presumption great." In addition, the state constitution, article I, section 20 provides: "All persons charged with crime shall be bailable ... except for capital offenses when the proof is evident...." Despite these discrepancies, the court upheld the rule, because the right to fix bail relates to the court's responsibility for ensuring the charge is adjudicateda procedural matter solely within the jurisdiction of the court in the exercise of its rule-making power.[16]
State v. Fields[17] involved a challenge to CrR 2.3(b), which authorized issuance of search warrants for all crimes, including misdemeanors, whereas statutes authorized search warrants only for investigation of felonies. Observing that the legislature authorized the court to adopt rules for taking and obtaining evidence, the court held search warrants fall in this category.[18] The court also noted its inherent authority to govern court procedures, and held the issuance of a search warrant to be part of the criminal process and a matter of procedure, and therefore a subject properly governed by court rules.[19]
Our review of the history of the rule and relevant cases persuades us it is a proper exercise of the court's procedural powers. The rule was adopted in 1973 as part of the Criminal Rules for Justice Court. Two purposes have been identified for the rule: to ensure that arrested persons are aware of their right to counsel "before they provide evidence which might tend to incriminate *226 them,"[20] and to ensure that a person arrested for DUI knows of the right to obtain counsel in time to decide whether to obtain an independent blood test or disinterested witnesses to observe his condition.[21] Both purposes are, in DUI cases, time-sensitive that is, the evidence in question is by nature transitory, and delay means loss.
Because of the transitory character of intoxication evidence, the Supreme Court held in City of Tacoma v. Heater[22] that the period immediately following arrest and citation for driving under the influence constitutes a critical stage in the criminal prosecution, triggering a Sixth Amendment right to counsel.[23] In State v. Fitzsimmons,[24] the court held the right derived from both the constitution and the rule. Then in State ex rel. Juckett v. Evergreen District Court,[25] the court held the court rule right to counsel entitled the defendants to consult counsel before the breath test even though they were not yet charged and thus not "`faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law'"[26] for which a defendant requires counsel.
State v. Fitzsimmons[27] is particularly relevant here. Fitzsimmons was cited for DUI. He asked for an attorney and was told he must await the magistrate. He then refused the breath test. The court held both the Sixth Amendment and the court rule were violated: "Mr. Fitzsimmons' right to counsel attached both because he was arrested and placed in custody and because he was charged. His rights under these rules were violated when he was denied the information and means necessary to allow him to contact appointed counsel."[28] On certiorari to the United States Supreme Court, Fitzsimmons was vacated and remanded to the Washington Supreme Court for clarification as to "whether its judgment is based upon federal or state constitutional grounds, or both."[29] In a short per curiam opinion, the State Supreme Court unanimously reaffirmed its decision without alteration. Relying on Smith, the court stated its decision placed "primary independent reliance on state court rule JCrR2.11," promulgated "as part of the State Supreme Court's inherent rulemaking powers as `an integral part of the judicial process.'"[30] The court's reliance on Smith is important, because Smith stands for the proposition that "promulgation of procedural rules is part of the court's inherent powers."[31] Clearly the court views the rule as procedural in character and as a proper exercise of its inherent powers.
Then in Spokane v. Kruger,[32] the court overruled Fitzsimmons I insofar as it required dismissal (rather than suppression) as a remedy for violation of the rule. In a companion case, the court considered whether blood test results should have been suppressed for violation of the rule, and observed that "[u]nlike the Sixth Amendment, CrR 3.1 does not require the initiation of *227 formal criminal proceedings before the right to counsel arises. Rather, being taken into custody creates the right."[33]
This history emphasizes the procedural aspect of the rule. CrRLJ 3.1 involves the taking and obtaining of evidence, an arena delegated to the court by statute and falling within the court's inherent power to govern court procedure. Because of the transitory nature of intoxication, the rule affects preservation of exculpatory as well as incriminating evidence.[34] Preservation of evidence is a procedural matter;[35] an attorney can advise a driver whether to arrange for independent testing of blood alcohol concentration,[36] and whether to take the breath test or refuse and suffer the possible consequence of having the refusal revealed at trial.[37] The remedy for violation of the rule is also procedural (suppression).
We hold that the court did not exceed its powers in enacting the rule. Advisement of the CrRLJ 3.1 right to counsel is required before administration of the breath test.

III
The State argues the advisement of rights in these cases was sufficient to comply with the rule, because Respondents were advised upon arrest of the right to counsel before answering any questions, and the right to have an attorney present during questioning. Numerous questions were asked before administration of the breath test. Given this sequence of events, the State argues Respondents were aware of their right to talk with an attorney before giving the breath sample.
Properly worded Miranda warnings may be sufficient to advise a person of the rule-based right to counsel even if the warnings do not mirror the language of the rule.[38] If the warnings given here had adequately conveyed to Respondents their right to consult counsel before the breath test, then the warnings would have satisfied the rule. Unfortunately, they did not.
The State relies upon Juckett, which involved three defendants. The issue was whether or not JCrR 2.11 requires a specific warning about the right to counsel before the breath test. One defendant received Miranda warnings immediately after she was arrested and before transport to the station; the content of those warnings is not clear from the court's opinion. The second defendant was given Miranda warnings that included the following: "[You] have the right at this time to an attorney of [your] own choosing and have him present ... during questioning and the making of any statements."[39] The third defendant was given no warnings until after he took the breath test. The court found that the first two defendants were adequately advised of their right to counsel under the rule, but the third was not. In holding the Miranda warnings satisfied JCrR 2.11, the Juckett court held, "if Miranda rights have already been given, it is not necessary to again tell defendant that he has a right to counsel to advise him whether or not he should take the Breathalyzer test."[40]
It is apparent from the Juckett court's opinion and from its reasoning that the Miranda warnings for both defendants contained the language excluded here ("you have the right at this time"). In contrast, Templeton and the others were advised only that they had the right to counsel before or during questioning. This implies the right is *228 limited to the context of questioning, and that when questioning ends, so does the right to counsel. The advice thus did not make clear that defendants had the right to talk to an attorney at this timethat is, prior to the breath test. For that reason, the warnings given did not sufficiently advise the defendants of the right to counsel under CrRLJ 3.1.

IV
The State argues that even if the warnings were inadequate, the inadequacy did not prejudice the Respondents. The State relies upon three cases that we find are either not helpful, or support suppression.
State v. Schulze[41] was a vehicular homicide case. Schulze was not advised of his CrRLJ 3.1 right to counsel before submitting to a blood alcohol test. The court found that although the rule had been violated, the evidence was not tainted because the test is mandatory in vehicular homicide cases, so attorney advice would have been irrelevant.[42] Here, the tests were not mandatory and attorney advice would not have been irrelevant.
In State v. Trevino,[43] a defendant was not advised of his right to counsel "as soon as feasible" after arrest. He was, however, so advised prior to submitting to the breath test, and spoke to an attorney before the test. The court held the evidence was not tainted because Trevino obtained the benefit the rule is designed to ensurethat arrested persons are aware that they have the right to the assistance of counsel before they provide evidence which might tend to incriminate them.[44]
Finally, in State v. Copeland,[45] a murder suspect claimed the police violated CrRLJ 3.1 by taking blood and hair samples when the defendant did not have access to an attorney. The court refused to order suppression, because police possessed a valid warrant, and counsel could not have advised Copeland to refuse.[46] As in Schulze, the evidence was therefore not tainted by the violation.
These cases simply illustrate the reason for the rule in DUI cases. The transitory nature of the evidence the State seeks to takeand that the defendant has a right to preservejustifies the requirement that a defendant be advised of his right to counsel before the evidence is lost. Here, failure to give the advice required by the rule was not harmless. Suppression was the proper remedy.
Affirmed.
APPELWICK, J., and BECKER, A.C.J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] See RCW 46.20.308(2); Gonzales v. State Dept. of Licensing, 112 Wash.2d 890, 895, 774 P.2d 1187 (1989).
[3] CrRLJ 3.1 replaced JCrR 2.11 and is nearly identical to CrR 3.1. See 4B LEWIS H. ORLAND & KARL B. TEGLAND. WASHINGTON PRACTICE: RULES PRACTICE, task force cmt. at 455 (5th ed.1997); see also State v. Trevino, 127 Wash.2d 735, 742 n. 9, 903 P.2d 447 (1995). Cases discussing the relevant part of any of these rules are relied upon without reiteration of this similarity. We refer generally to the court rule right to counsel.
[4] "The right to a lawyer shall accrue as soon as feasible after the defendant has been arrested, appears before a committing magistrate, or is formally charged, whichever occurs earliest." CrRLJ 3.1(b)(1).
[5] "When a person has been arrested he or she shall as soon as practicable be advised of the right to a lawyer. Such advice shall be made in words easily understood...." CrRLJ 3.1(c)(1).
[6] Coleman v. Alabama, 399 U.S. 1, 7, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); Brewer v. Williams, 430 U.S. 387, 398, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) (accused is entitled to a lawyer at the time judicial proceedings are initiated against such person); Heinemann v. Whitman County, 105 Wash.2d 796, 800, 718 P.2d 789 (1986) (state constitution confers right to counsel at critical stage of proceedings).
[7] Kirby v. Illinois, 406 U.S. 682, 689-90, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Heinemann, 105 Wash.2d at 800, 718 P.2d 789.
[8] State ex rel. Juckett v. Evergreen Dist. Ct., 100 Wash.2d 824, 829-30, 675 P.2d 599 (1984).
[9] Heinemann, 105 Wash.2d at 801, 718 P.2d 789; State v. Zwicker, 105 Wash.2d 228, 242, 713 P.2d 1101 (1986).
[10] Heinemann, 105 Wash.2d at 802, 718 P.2d 789.
[11] RCW 2.04.190; see also State v. Smith, 84 Wash.2d 498, 501, 527 P.2d 674 (1974); State v. Edwards, 94 Wash.2d 208, 212, 616 P.2d 620 (1980).
[12] Emwright v. King County, 96 Wash.2d 538, 543, 637 P.2d 656 (1981).
[13] Household Fin. Corp. v. State, 40 Wash.2d 451, 455, 244 P.2d 260 (1952).
[14] Smith, 84 Wash.2d at 501, 527 P.2d 674.
[15] 84 Wash.2d 498, 527 P.2d 674 (1974).
[16] Smith, 84 Wash.2d at 502-03, 527 P.2d 674. In other cases the court has upheld court rules that are procedural but have a substantive impact, such as the speedy trial rule. See State v. Edwards, 94 Wash.2d 208, 616 P.2d 620 (1980); State v. Williams, 85 Wash.2d 29, 530 P.2d 225 (1975). See also Emwright v. King County, 96 Wash.2d 538, 637 P.2d 656 (1981) (jury procedures).
[17] 85 Wash.2d 126, 530 P.2d 284 (1975).
[18] Fields, 85 Wash.2d at 128-29, 530 P.2d 284 (citing RCW 2.04.190).
[19] Fields, 85 Wash.2d at 129, 530 P.2d 284.
[20] State v. Trevino, 127 Wash.2d 735, 746, 903 P.2d 447 (1995).
[21] City of Tacoma v. Heater, 67 Wash.2d 733, 739, 409 P.2d 867 (1966).
[22] 67 Wash.2d 733, 409 P.2d 867 (1966).
[23] Heater, 67 Wash.2d at 739, 409 P.2d 867.
[24] 93 Wash.2d 436, 441, 610 P.2d 893, vacated and remanded, 449 U.S. 977, 101 S.Ct. 390, 66 L.Ed.2d 240, aff'd on remand, 94 Wash.2d 858, 620 P.2d 999 (1980), overruled on other grounds, Spokane v. Kruger, 116 Wash.2d 135, 803 P.2d 305 (1991).
[25] 100 Wash.2d 824, 675 P.2d 599 (1984).
[26] Juckett, 100 Wash.2d at 828-29, 675 P.2d 599 (quoting Kirby v. Illinois, 406 U.S. 682, 689-90, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972)).
[27] 93 Wash.2d 436, 610 P.2d 893 (1980) (Fitzsimmons I).
[28] Fitzsimmons I, 93 Wash.2d at 441, 610 P.2d 893.
[29] Washington v. Fitzsimmons, 449 U.S. 977, 101 S.Ct. 390, 66 L.Ed.2d 240 (1980).
[30] State v. Fitzsimmons, 94 Wash.2d 858, 620 P.2d 999 (1980) (Fitzsimmons II) (quoting Smith, 84 Wash.2d at 502, 527 P.2d 674).
[31] State v. Edwards, 94 Wash.2d 208, 212, 616 P.2d 620 (1980) (citing Smith, 84 Wash.2d at 501, 527 P.2d 674).
[32] 116 Wash.2d 135, 803 P.2d 305 (1991).
[33] State v. Schulze, 116 Wash.2d 154, 162, 804 P.2d 566 (1991).
[34] See Heater, 67 Wash.2d at 739-40, 409 P.2d 867; Fitzsimmons, 93 Wash.2d at 444-45, 610 P.2d 893.
[35] See RCW 2.04.190.
[36] RCW 46.61.506(5); Heater, 67 Wash.2d at 739, 409 P.2d 867.
[37] RCW 46.61.517.
[38] State v. Hutton, 57 Wash.App. 537, 541, 789 P.2d 778 (1990) (Miranda warnings need not track the language of CrR 3.1(c)(1) word for word to convey advice that counsel will be appointed without charge if necessary).
[39] Juckett, 100 Wash.2d at 827, 675 P.2d 599 (emphasis added).
[40] Juckett, 100 Wash.2d at 831, 675 P.2d 599 (emphasis added).
[41] 116 Wash.2d 154, 804 P.2d 566 (1991).
[42] Schulze, 116 Wash.2d at 164, 804 P.2d 566.
[43] 127 Wash.2d 735, 903 P.2d 447 (1995).
[44] Trevino, 127 Wash.2d at 746, 903 P.2d 447.
[45] 130 Wash.2d 244, 922 P.2d 1304 (1996).
[46] Copeland, 130 Wash.2d at 283, 922 P.2d 1304.