490

[Nos. 24879-4-II; 25244-9-II;    Division Two.    August 3, 2001.]
25210-4-II.

THE STATE OF WASHINGTON, *Respondent*, v. MARK D. DUNN,
*Petitioner*.
THE STATE OF WASHINGTON, *Respondent*, v. SYGRID WRIGHT,
*Petitioner*.
THE CITY OF TACOMA, *Petitioner*, v. MICHAEL L. ROESCH,
*Respondent*.

*Kenneth W. Fornabai*, for petitioner Dunn.

*Darol Tuttle*, for petitioner Wright and respondent Roesch.

*Robin S. Jenkinson, City Attorney*, and *Robert E. Porter* and *Daniel M. Okada, Assistants*, for petitioner City of Tacoma.

*Gerald A. Horne, Prosecuting Attorney*, and *John C. Hillman, Deputy*, for respondent State.

MORGAN, J. — In three unrelated cases, the question is whether a preprinted rights form adequately advised the defendant, pursuant to CrR 3.1 or CrRLJ 3.1, of his or her right to counsel "as soon as feasible" after arrest. The answer is no, but the defect did no harm in these particular cases. Accordingly, we decline to suppress the resulting evidence.

Since 1987, District and Municipal Criminal Rule (CrRLJ) 3.1 has provided that "[t]he right to a lawyer shall

accrue as soon as feasible after the defendant has been arrested, appears before a committing magistrate, or is formally charged, whichever occurs earliest."[1] It has also provided that "[w]hen a person has been arrested he or she shall as soon as practicable be advised of the right to a lawyer."[2] Since 1973, Superior Court Criminal Rule (CrR) 3.1 has contained substantially similar provisions.[3] The remedy for violating either rule is the "suppression of any evidence acquired after the violation."[4]

In most cases, these rules are implemented by the arresting officer reading from a preprinted form. Before the dates in issue here, the form stated that "[y]ou have the right *at this time* to an attorney of your own choosing and to have him or her present before or during questioning"; and further, that "[i]f you cannot afford an attorney you are entitled to have one appointed for you by the court without cost to you and to have him or her present before or during questioning[.]"[5] By the dates in issue here, the form no longer contained the words "at this time." It stated that "you have the right to talk to an attorney before answering any questions"; that "you have the right to have your attorney present during the questioning"; and that "if you cannot afford an attorney, one will be appointed for you without cost, before or during questioning, if you so desire."[6] We refer to these forms as the previous form and the revised form, respectively.

---

[1] CrRLJ 3.1(b)(1); *see* CrRLJ 3.1(b)(1), 108 Wn.2d at 1164-65 (1987).

[2] CrRLJ 3.1(c)(1); *see* CrRLJ 3.1(c)(1), 108 Wn.2d at 1165.

[3] CrR 3.1(b)(1), (c)(1); *see* CrR 3.1(b)(1), (c)(1), 82 Wn.2d at 1120-21 (1973).

[4] *City of Spokane v. Kruger*, 116 Wn.2d 135, 147, 803 P.2d 305 (1991); *City of Seattle v. Sandholm*, 65 Wn. App. 747, 751-52, 829 P.2d 1133 (1992).

[5] No one formally included the previous form in the record, but it appears in the case law and the parties' briefs in apparently reliable fashion. *See, e.g., State v. Teller*, 72 Wn. App. 49, 51, 863 P.2d 590 (1993), *review denied*, 123 Wn.2d 1029 (1994); Clerk's Papers (CP) (Wright) at 4 (Wright's Super. Ct. Appellate Br.); Reply Br. of City of Tacoma at 1; CP (Roesch) at 13 (Roesch's Super. Ct. Appellate Br.); CP (Roesch) at 34 (City of Tacoma's Super. Ct. Appellate Br.); CP (Wright) at 72 (Wright's Mem. in Support of Mot. to Suppress).

[6] CP (Roesch) at 21; CP (Wright) at 10; State's Suppl. Br. to Dunn's Mot. to Suppress, Ex. 1.

The arrests in these cases occurred in late 1997 and in 1998. On each occasion, a law enforcement officer arrested the defendant for driving under the influence (DUI). While still at the scene, the officer read the revised form and the defendant acknowledged understanding it. The officer transported the defendant to the police station and again read the revised form. The defendant again acknowledged understanding the form and stated in writing: "I have decided not to exercise these rights at this time."[7] For the next eight minutes in one case,[8] and inferentially within a similar period in the other two cases, the officer asked numerous questions of the defendant. The defendant did not request counsel but did submit to a breath test. After later being charged with DUI, the defendant moved to suppress. The courts below granted the motion in one case[9] and denied it in two cases.[10] We granted discretionary review in all three cases.

■ ■ The dispositive issue on appeal is whether the revised form complied with CrR 3.1 and CrRLJ 3.1. CrR 3.1 and CrRLJ 3.1 provide that "[t]he right to a lawyer shall accrue as soon as feasible after the defendant is taken into custody[.]"[11] The revised form stated that the right to a lawyer accrues when the defendant is questioned. A defendant can be in custody, yet not be questioned. Clearly then, the revised form did not satisfy the rules.[12]

---

[7] CP (Roesch) at 21; CP (Wright) at 10; State's Suppl. Resp. to Dunn's Mot. to Suppress, Ex. 1.

[8] CP (Wright) at 12.

[9] CP (Roesch) at 44-45 (*State v. Roesch*, No. 41991 (Tacoma Mun. Ct. Oct. 28, 1998) (motion denied)); CP (Roesch) at 51-52 (*State v. Roesch*, No. 98-1-05546-6 (Pierce County Super. Ct. Sept. 17, 1999) (reversed on RALJ appeal; motion granted)).

[10] CP (Dunn) at 4-5 (*State v. Dunn*, No. 980186685 (Pierce County Dist. Ct. Oct. 30, 1998)); RP (Wright) (Jan. 26, 1999) at 10 (*State v. Wright*, No. 98801368 (Pierce County Dist. Ct. Jan. 26, 1999)).

[11] CrR 3.1(b)(1); CrRLJ 3.1(b)(1) ("The right to a lawyer shall accrue as soon as feasible after the defendant has been arrested.").

[12] *See State v. Trevino*, 127 Wn.2d 735, 743, 903 P.2d 447 (1995) (citing *State ex rel. Juckett v. Evergreen Dist. Court*, 100 Wn.2d 824, 831, 675 P.2d 599 (1984));

*Heinemann v. Whitman County* confirms this reasoning. It states:

> The court rule . . . goes beyond the requirements of the constitution. *Miranda* rights need be given only if a suspect who is in custody is going to be interrogated. The Sixth Amendment right to counsel attaches only if judicial proceedings have been initiated. Under [CrRLJ 3.1's predecessor], however, the defendant must be advised of his right to counsel *immediately* when he has been taken into custody.[13]

Nothing we have said precludes an advice of rights form designed to comply with *Miranda*[14] from also satisfying CrR 3.1 and CrRLJ 3.1—if it is properly worded.[15] As Division One of this Court recently noted in *State v. Templeton*:

> *Properly worded Miranda* warnings may be sufficient to advise a person of the rule-based right to counsel even if the warnings do not mirror the language of the rule. If the warnings given here had adequately conveyed to Respondents their right to consult counsel before the breath test, then the warnings would have satisfied the rule. Unfortunately, they did not.[16]

In this case, as in *Templeton*, the wording of the revised form did not satisfy CrR 3.1 or CrRLJ 3.1.

■ Although the revised form was defective, the defect did no harm in any of these three cases. Each officer advised each defendant that he or she had the right to counsel before and during any questioning. Over the next several minutes, each officer then questioned the defendant in order to fill out a DUI arrest report and Breathalyzer

---

*State v. Schulze*, 116 Wn.2d 154, 162, 804 P.2d 566 (1991); *Heinemann v. Whitman County*, 105 Wn.2d 796, 802, 718 P.2d 789 (1986).

[13] *Heinemann* v. Whitman County, 105 Wn.2d 796, 802, 718 P.2d 789 (1986).

[14] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[15] *See Juckett*, 100 Wn.2d at 831; *Teller*, 72 Wn. App. at 54-55.

[16] *State v. Templeton*, 107 Wn. App. 141, 150, 27 P.3d 322 (2001) (emphasis added) (footnote omitted).

consent form.[17] The combined effect was to inform each defendant that he or she had a right to counsel *right now*—in other words, "as soon as feasible after [being] taken into custody[.]"[18] No defendant thereafter requested counsel, so it is apparent that none would have requested counsel even if a *correct* form had been used. Because the use of the revised form was immediately followed by questioning in these particular cases, we conclude that the defect in the revised form did not detrimentally affect the defendant's ability to exercise his or her rights;[19] that there was error but no harm; and that error without harm does not warrant suppression of the disputed evidence.

We need not reach the remaining issues. We reverse the order granting suppression in *State v. Roesch*. We affirm the orders denying suppression in *State v. Dunn* and *State v. Wright*. We remand each case to the district or municipal court in which it was initially filed.

ARMSTRONG, C.J., and HUNT, J., concur.

Review granted at 145 Wn.2d 1015 (2002).

---

[17] When analyzing whether an ordinary citizen was "questioned," and thus understood that he had a right to counsel at that time, we do not distinguish between questions asked to fill out the arrest report and questions asked to fill out the Breathalyzer consent form. An ordinary citizen would have perceived that he or she was being "questioned" regardless of what form was being filled out.

[18] CrR 3.1(b)(1); CrRLJ 3.1(b)(1).

[19] *State v. Templeton* may or may not be distinguishable on this point. By saying that "[t]he State relies upon three cases that we find are either not helpful, or support suppression[,]" *Templeton* implies that the State did not present a carefully crafted argument. *Templeton*, 107 Wn. App. at 151. If that is true, *Templeton* and this case are distinguishable because the State's argument here is adequate. Even if it is not true, however, we choose to digress from *Templeton* on this point. We find *Templeton* persuasive on most points, but not on this one.