NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCOS PALOMAR,<br><br>        Petitioner–Appellant,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>        Respondent–Appellee. | No.   17–16225<br><br>D.C. No.<br>1:15–cv–01279–DAD–SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 12, 2019[**]
San Francisco, California

Before:  GOULD and IKUTA, Circuit Judges, and PEARSON,[***] District Judge.

Petitioner Marcos Palomar, a state prisoner, appeals the denial of his petition

for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

**1**.    The district court did not err in finding that Petitioner's claim under

*Miranda v. Arizona*, 384 U.S. 436 (1966), was procedurally defaulted.  The district

court found that California's contemporaneous objection rule is both independent

and adequate.  *Palomar v. Madden*, No. 1:15-cv-01279-DAD-SAB-HC, 2016 WL

4095965, at *5 (E.D. Cal. Aug. 2, 2016).  Petitioner does not dispute that this rule

is an independent ground to bar his *Miranda* claim.  Instead, he disputes the

adequacy of the rule.  Relying on *Lee v. Kemna*, 534 U.S. 362 (2002), Petitioner

contends that the state appellate court's application of the contemporaneous

objection rule was "exorbitant."  We do not reach the merits of this argument,

however, because Petitioner forfeited this argument by not presenting it to the

district court.  *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).  And, in any

event, Petitioner has not shown that his is one of the "exceptional cases" in which

application of the contemporaneous objection rule would "render[] the state ground

inadequate."  *Lee*, 534 U.S. at 885.

Petitioner also argues that he demonstrated cause and prejudice to excuse his

default.  Petitioner failed to demonstrate grounds to excuse the default.  Even

assuming Palomar did not forfeit a cause–and–prejudice argument,[1] he failed to

---

[1] Palomar stated in his pro se habeas petition that if his trial counsel failed to preserve this *Miranda* claim, "counsel was ineffective under the Sixth Amendment in failing to preserve this ground. (See <u>Strickland v. Washington</u>, (1984) 466 U.S. 668.)"  Liberally construing a pro se litigant's arguments, *see Erickson v. Pardus*,

make the requisite showing of ineffective assistance of counsel, as explained below.

2.　　For purposes of determining whether ineffective assistance of counsel excuses a procedural default, we review the ineffective assistance of counsel claim de novo.　*Visciotti v. Martel*, 862 F.3d 749, 769 (9th Cir. 2016); *see also Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc).　To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two–part test set forth in *Strickland*.　This requires showing that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense."　*Id.* at 687.　A petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, so if the court determines that a petitioner has failed to satisfy one prong, it need not consider the other.　*Id.* at 697.

Petitioner argues that trial counsel rendered ineffective assistance of counsel by failing to preserve his *Miranda* claim for appeal.　This claim was presented to the California Court of Appeal on direct review and denied on the merits in a reasoned decision.　*Palomar*, 2015 WL 1089544, at *6–8.　The California Supreme Court denied review.

Petitioner's claim that trial counsel provided ineffective assistance by not

---

551 U.S. 89, 94 (2007), this may have been enough to raise a cause and prejudice argument.

preserving a *Miranda* objection fails because his trial attorney could have reasonably believed that an objection would have been meritless. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (an attorney is not required to file a motion he knows to be meritless). The *Miranda* warnings given by Officer Rosel were adequate. When viewed in context, Petitioner could reasonably ascertain from the warnings provided to him by Officer Rosel that he could retain the services of an attorney for free. Officer Rosel testified that, at the time of arrest, he told Petitioner in Spanish that "you have the right to have an attorney present before they ask you questions," and that "[i]f you cannot get a lawyer, one *can* be appointed to you without payment before we ask you any questions." (emphasis added). These two warnings, considered in their totality, effectively communicated to Petitioner that if he could not afford an attorney, one would be appointed at no cost prior to questioning. Petitioner's contention that use of the term "can" in the warnings suggested that the right to the appointment of counsel was somehow contingent, is unpersuasive—it does not comport with a proper understanding of that term in this context, and it is squarely disapproved of by numerous federal and state court decisions.

The Supreme Court's decision in *Duckworth v. Eagan*, 492 U.S. 195 (1989), is instructive. In that case, the defendant was advised that an attorney could be appointed "if you wish, if and when you go to court." *Id.* at 198. The Supreme

4

Court ruled that, when read in context, the advisement was not constitutionally deficient. *Id.* at 201.

Officer Rosel did not say anything that would have led Petitioner to believe that his right to counsel prior to questioning was discretionary or contingent on the approval of a request or on the lawyer's availability. *See United States v. Botello-Rosales*, 728 F.3d 865 (9th Cir. 2013).

Moreover, just three days after Officer Rosel advised Petitioner of his *Miranda* rights, Petitioner was given a second set of *Miranda* warnings by Detective Chavez in Spanish. These advisements were essentially identical to those given by Officer Rosel, except that Detective Chavez omitted the phrase "without payment." The omission, however, was not significant. As numerous federal and state courts have ruled, *Miranda* does not require use of the term "at no cost" where, as here, the warnings reasonably conveyed this right. *See, e.g.*, *United States v. Soria-Garcia*, 947 F.2d 900, 903 (10th Cir. 1991) (inclusion of the term "at no cost" was unnecessary to effectuate the purpose of *Miranda*); *State v. Hutton*, 57 Wash. App. 537, 789 P.2d 778 (1990) (*Miranda* does not require that warnings specifically include advice that counsel will be appointed "without charge" as long as warning is clear that, if defendant cannot afford counsel, counsel will still be appointed).

Assuming *arguendo* the second *Miranda* warnings were incomplete,

Petitioner would still not be entitled to relief. This court, in *Maguire v. United States*, 396 F.2d 327 (9th Cir. 1968), held that where a defendant is adequately advised of his *Miranda* rights—as Petitioner was by Officer Rosel—there is no *Miranda* violation if the defendant is later given warnings that are incomplete. *Id.* at 331.

Respondent correctly argues Petitioner received proper *Miranda* warnings at the time of arrest and, in any event, a fairminded jurist could possibly agree with the state appellate court that Petitioner was not prejudiced by the admission of his statements. In addition to arguing that ineffective assistance of counsel should excuse his procedural default, Petitioner also raises a stand-alone claim that his counsel was ineffective for failing to raise his *Miranda* claim. Because the state court adjudicated this claim, we review this argument under AEDPA. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). Because this claim fails under our de novo review, a fortiori, the state court did not unreasonably apply *Strickland* in rejecting this claim. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

**3.** The district court did not err in denying Petitioner's claim that the state trial court's omission of a unanimity instruction violated his due process rights. Petitioner argues that because "there were at least two distinct and separate acts which could have provided the basis for liability" for Count One , the jury

6

could have convicted Petitioner without agreeing on which act he committed; and the failure to include a unanimity instruction violated his federal due process rights. Thus, he contends that the trial court prejudicially erred in failing to instruct the jury on unanimity for this count.

Neither the Supreme Court nor this court has mandated a unanimity requirement for juries in state criminal prosecutions. Recognizing a state prisoner's due process right to a unanimous jury verdict in a noncapital criminal case as a matter of federal constitutional law would violate the Supreme Court's holding in *Teague v. Lane*, 489 U.S. 288, 310 (1989) prohibiting the application of "new constitutional rules of criminal procedure" to "cases which have become final before the new rules are announced."

Moreover, the state appellate court's conclusion that Petitioner was not prejudiced by the absence of a unanimity instruction was neither "contrary to" nor "involved an unreasonable application of … clearly established federal law." 28 U.S.C § 2254(d)(1). The jury resolved any credibility dispute against Petitioner and convicted him of oral copulation upon a child 10 years of age or younger and all other charged sex offenses. Given this credibility determination, there is no reasonable possibility that the verdict would have been different if a unanimity instruction had been given.

**AFFIRMED**.