59 P.3d 632 (2002)
STATE of Washington, Petitioner,
v.
John D. TEMPLETON, Benjamin Marginean, James Marsh, and Richard Post, Respondents.
State of Washington, Respondent,
v.
Mark D. Dunn, Sygrid Wright, and Michael L. Roesch, Petitioners.
Nos. 71502-5, 71529-7.
Supreme Court of Washington, En Banc.
Argued March 21, 2002.
Decided December 19, 2002.
*634 Norm Maleng, King County Prosecutor, James Whisman, Deputy, Seattle, WA, Darol Tuttle, Attorney at Law, Tacoma, Kenneth Fornabai, Attorney at Law, Auburn, for Petitioner.
Gerald Horne, Pierce County Prosecutor, John Hillman, Deputy, Tacoma, William Bowman, Jon Fox, Attorneys at Law, Bellevue, WA, Robert Porter Asst. Tacoma City Attorney, Tacoma, Kay Lee, Attorney at Law, Seattle, for Respondents.
*633 IRELAND, J.
In consolidated cases Petitioner Washington State seeks review of a decision of the *635 Courts of Appeals, Divisions One,[1] and Petitioners Mark D. Dunn, Sygrid D. Wright, and Michael L. Roesch seek review of a decision of the Court of Appeals, Division Two,[2] relating to suppression of results of blood alcohol concentration (BAC) breath tests and advisement of rights.[3] Finding that the advisement of right to counsel was defective under Criminal Rule for Courts of Limited Jurisdiction (CrRLJ) 3.1 but that the error was harmless in these cases, we affirm the Court of Appeals, Division Two, and reverse the Court of Appeals, Division One.
In State v. Templeton the Court of Appeals, Division One, affirmed a decision of the King County Superior Court which suppressed the results of defendants' BAC breath tests because the State did not properly advise them of their right to counsel under CrRLJ 3.1. The Court of Appeals held that promulgation of CrRLJ 3.1, providing for the right to counsel as soon as feasible after arrest, was a proper exercise of the Supreme Court's rule-making authority, and the State's advisement of rights from the Washington State Patrol (WSP) driving under the influence (DUI) arrest report form violated CrRLJ 3.1 constituting prejudicial error requiring suppression of the BAC Verifier DataMaster results.[4]
In State v. Dunn the Court of Appeals, Division Two, upheld a decision of the Pierce County Superior Court which denied the motions of Petitioners Dunn and Wright to suppress the results of their BAC breath tests, but reversed suppression in the case of Petitioner Roesch. Despite its conclusion that the State's advisement of the right to counsel was defective under CrRLJ 3.1, the court concluded the error was harmless and that therefore the results of the BAC breath test were admissible.[5]

QUESTIONS PRESENTED
The questions presented in these cases are (1) whether promulgation of CrRLJ 3.1 exceeded this court's rule-making authority, and (2) whether the State's violation of CrRLJ 3.1 requires suppression of the results of a defendant's BAC breath test.[6]

STATEMENT OF FACTS

State v. Templeton
The cases of State v. Templeton, State v. Marginean, State v. Marsh, and State v. Post came before the Court of Appeals, Division One, as consolidated cases on appeal.[7]
On three separate occasions, Washington State Patrol troopers stopped and arrested for DUI Respondent John D. Templeton on April 19, 1998, Respondent Benjamin Marginean on February 2, 1998, and Richard Post on April 22, 1998.[8] Respondent James P. Marsh was stopped and arrested by a Washington State Patrol trooper for driving a motor vehicle while under the influence of intoxicating liquor and/or drugs under the age of 21 years on May 16, 1998.[9] The arresting officers advised Respondents of their constitutional rights upon arrest as required under Miranda v. Arizona.[10] After *636 transporting Respondents to police stations, the officers, reading from the WSP DUI Arrest Report form, advised them of their rights.[11] The advisement form read:[12]
1. YOU HAVE THE RIGHT TO REMAIN SILENT.
2. ANYTHING YOU SAY CAN AND WILL BE USED AGAINST YOU IN A COURT OF LAW.
3. IF YOU ARE UNDER THE AGE OF 18, ANYTHING YOU SAY CAN BE USED AGAINST YOU IN A JUVENILE COURT PROSECUTION FOR A JUVENILE OFFENSE AND CAN ALSO BE USED AGAINST YOU IN AN ADULT COURT CRIMINAL PROSECUTION IF THE JUVENILE COURT DECIDES THAT YOU ARE TO BE TRIED AS AN ADULT.
4. YOU HAVE THE RIGHT TO TALK TO AN ATTORNEY BEFORE ANSWERING ANY QUESTIONS.
5. YOU HAVE THE RIGHT TO HAVE AN ATTORNEY PRESENT DURING QUESTIONING.
6. IF YOU CANNOT AFFORD AN ATTORNEY, ONE WILL BE APPOINTED TO YOU WITHOUT COST, BEFORE OR DURING QUESTIONING, IF YOU SO DESIRE.
7. DO YOU UNDERSTAND THESE RIGHTS?
Respondents signed the form acknowledging that they understood their rights and did not wish to exercise them at that time.[13] They also signed the implied consent warning form and submitted to the breath test.[14] Prior to the breath test, the officers asked and Respondents answered a series of preliminary questions.[15] Following questioning, the officers administered the BAC breath test to Respondents which in each instance indicated an alcohol concentration over the then legal limit of 0.10.[16]
Respondents Templeton, Marginean and Post were formally charged in the King County District Court with driving while under the influence.[17] Respondent Marsh, being under the age of 21 years, was charged with minor driving after consuming alcohol.[18] *637 Hearings were held in the King County Northeast District Court and Seattle District Court.[19] In each case, Respondents moved to suppress all evidence obtained after their arrests.[20]
On September 3, 1998 the King County Northeast District Court, the Honorable David A. Steiner, granted the motions of Respondents Templeton and Marginean, ordering suppression of only the breath test in the Templeton case and ordering suppression of all the evidence after arrest in the Marginean case because the State did not comply with CrRLJ 3.1.[21]
On May 29, 1998 the King County Northeast District Court, the Honorable Peter L. Nault, granted the motion of Respondent Marsh to suppress all evidence obtained subsequent to the advisement of rights given him after his arrest.[22] The State appealed those decisions to the King County Superior Court.[23] On September 13, 1999 the Superior Court, Judge Nicole MacInnes, affirmed the District Court's order suppressing the results of the BAC breath test, but reversed the suppression of statements made by Respondents.[24]
On January 11, 1999 the King County Seattle District Court, the Honorable Barbara L. Linde, denied Respondent Post's motion, finding the State's advisement of rights complied with CrRLJ 3.1.[25] Respondent Post stipulated to a bench trial and proceeded to trial on the stipulated facts in the police report.[26] On February 5, 1999 the court found him guilty as charged.[27] Respondent Post appealed to the King County Superior Court, which reversed his conviction, ruling that the District Court erred by not suppressing the breath test results.[28]
The State appealed each decision to the Court of Appeals, Division One. The court consolidated the cases and designated the matter as State of Washington v. John D. Templeton, Benjamin Marginean, James Marsh and Richard Post. Upon review, the Court of Appeals, the Honorable Anne L. Ellington writing, concluded the Supreme Court did not exceed its rule-making authority in adopting CrRLJ 3.1 requiring advisement of the right to counsel before administration of the alcohol breath test, and that the officers' warnings did not comply with CrRLJ 3.1, which constituted prejudicial error requiring suppression of the breath test results.[29] The State appealed the decision to this court.[30]

State v. Dunn; State v. Wright; City of Tacoma v. Roesch

During traffic stops on December 21, 1997 Petitioner Mark D. Dunn was arrested by a Washington State Patrol trooper; on April 30, 1998 Petitioner Michael L. Roesch was arrested by a Tacoma Police officer; and on October 23, 1998 Petitioner Sygrid D. Wright was arrested by a Pierce County Deputy Sheriff for suspicion of driving while under the influence.[31] Upon arrival at police stations, petitioners were read their constitutional *638 rights from the WSP DUI Arrest Report form, the same form used in State v. Templeton.[32] Petitioners Dunn and Wright signed the form indicating they understood the warnings and waived their right to speak with an attorney at that time.[33] Petitioner Roesch did not sign the form because he was "handcuffed." Petitioners subsequently agreed to submit to alcohol breath analysis tests in which each tested over the then legal limit of 0.10 blood alcohol concentration.[34] The State filed criminal complaints in the Pierce County District Court charging Petitioners Dunn and Wright with one count of driving while under the influence of intoxicating liquor.[35] The City of Tacoma filed a criminal complaint in the Tacoma Municipal Court charging Petitioner Roesch with one count of driving while under the influence of intoxicating liquor.[36]
Prior to trial in each case, Petitioners moved to suppress the alcohol breath test results on grounds that the advisement of rights on the WSP DUI Arrest Report form did not comply with the requirements of CrRLJ 3.1.[37] On October 30, 1998, the Honorable Ronald E. Culpepper, Pierce County District Court, denied Petitioner Dunn's motion, finding that the warning given him was easily understandable to the average arrested person and did not result in confusion or prejudice.[38] On January 26, 1999, the Honorable David M. Kenworthy, Pierce County District Court, denied Petitioner Wright's motion, concluding that the Miranda warnings given met the requirements of CrRLJ 3.1.[39] On November 12, 1998, the Tacoma Municipal Court, the Honorable Elizabeth Verhey, denied Petitioner Roesch's motion, concluding that the constitutional rights read to him satisfied the requirements of CrRLJ 3.1.[40] The cases proceeded to trial and all Petitioners were found guilty of driving while under the influence of intoxicating liquor.[41]
Petitioners in each case appealed to the Pierce County Superior Court. On June 11, 1999, the Honorable Arthur W. Verharen affirmed the rulings of the District Court.[42] On October 1, 1999, the Honorable Frederick W. Fleming upheld the District Court's order which ruled that the advisement of right to counsel given to Petitioner Wright satisfied CrRLJ 3.1.[43] On September 17, 1999, the Honorable Elaine Houghton, serving pro tempore in the Superior Court, reversed the Municipal Court's ruling and ordered suppression of all evidence, testimonial and nontestimonial, because the warnings given to Petitioner Roesch violated his right to counsel under CrRLJ 3.1 by limiting the right to counsel for questioning purposes only.[44]
The State appealed to the Court of Appeals, Division Two.[45] Upon review, the Court of Appeals, the Honorable J. Dean Morgan writing, held that although the WSP DUI Arrest Report form advising defendants of their right to counsel did not satisfy the requirements of CrRLJ 3.1, it was harmless error because it did not detrimentally affect the defendants' ability to exercise their rights.[46]
By order dated January 8, 2002 this court granted the State's petitions for review and *639 consolidated the Templeton cases and the Dunn cases.[47]

DISCUSSION

CONSTITUTIONAL RIGHT TO COUNSEL
The right to counsel is constitutionally compelled by the Fifth Amendment and Sixth Amendment of the United States Constitution.[48] Both amendments, made applicable to the states through the Fourteenth Amendment, provide for the right to counsel, each accruing at distinct times.[49]
The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself."[50] This includes the "admissibility of statements obtained from an individual who is subjected to custodial police interrogation and the necessity for procedure which assures that the individual is accorded his privilege under the Fifth Amendment to the Constitution not to be compelled to incriminate himself."[51] Our State constitution article I, section 9[52] is equivalent to the Fifth Amendment and "should receive the same definition and interpretation as that which has been given to" the Fifth Amendment by the Supreme Court.[53]
The United States Supreme Court in Miranda v. Arizona fashioned a practical rule to ensure the integrity of the privilege against self-incrimination under the Fifth Amendment, stating that as
procedural safeguards ... the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently.[54]
A suspect's Fifth Amendment privilege against self-incrimination and the corresponding right to be informed attaches when "custodial interrogation" begins.[55]
A "custodial interrogation" which requires law enforcement officers to administer Miranda warnings to a suspect is defined as questioning initiated by the officers after a person is taken into custody.[56] Generally, in defining custody the Supreme Court has looked at the circumstances surrounding the interrogation and whether a reasonable person would have felt that person was not at liberty to terminate interrogation and leave.[57] Under federal and state case law, the right to counsel is a procedural safeguard ancillary to the Fifth Amendment.[58]
The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall... have the assistance of counsel for his defense."[59] Washington Constitution article *640 I, section 22 similarly guarantees the accused the right to assistance of counsel.[60] In Powell v. Alabama, the United States Supreme Court, in defining the scope of the Sixth Amendment, recognized that this right must accrue at critical periods of the proceedings when trial preparation is vitally important.[61]
In discussing the right to counsel in the context of a DUI prosecution, this court in City of Tacoma v. Heater observed that the right to counsel attaches at any "critical stage" in a criminal proceeding.[62] Because of the transitory nature of the evidence of intoxication,[63] a "critical stage" is reached immediately after arrest and charging for DUI. This court in Heater declared invalid a police requirement of a four-hour delay before allowing a person arrested for DUI to have the assistance of counsel.[64] The United States Supreme Court in Kirby v. Illinois subsequently stated that the right to counsel under the Sixth Amendment attaches at or after the initiation of formal judicial criminal proceedings.[65] Following that decision, it was concluded that when a person was arrested for DUI, the Sixth Amendment right to counsel did not attach until after a citation was issued.[66] That posture has since been modified by JCrR 2.11 and its successor CrRLJ 3.1.

Criminal Rule for Courts of Limited Jurisdiction (CrRLJ) 3.1
Reflecting upon the concern raised in Heater over the need for counsel based on its Sixth Amendment analysis of "critical stage" demand, Dunn Petitioners[67] assert, without substantiation, that this court incorporated its decision in Heater in promulgating CrRLJ 3.1.[68] The State contends that CrRLJ 3.1 was promulgated both to effectuate the Supreme Court decision in Miranda and to ensure that defendants will be afforded the right to counsel at all critical stages.[69]
CrRLJ 3.1 reads in pertinent part:
(a) Types of Proceedings. The right to a lawyer shall extend to all criminal proceedings for offenses punishable by loss of liberty regardless of their denomination as felonies, misdemeanors, or otherwise.
(b) Stage of Proceedings.
(1) The right to a lawyer shall accrue as soon as feasible after the defendant has been arrested, appears before a committing magistrate, or is formally charged, whichever occurs earliest.

(2) A lawyer shall be provided at every critical stage of the proceedings.

(c) Explaining the Availability of a Lawyer.
(1) When a person has been arrested he or she shall as soon as practicable be advised of the right to a lawyer. Such advice shall be made in words easily understood, and it shall be stated expressly that a person who is unable to pay a lawyer is entitled to have one provided without charge.
(2) At the earliest opportunity a person in custody who desires a lawyer shall be provided access to a telephone, the telephone *641 number of the public defender or official responsible for assigning a lawyer, and any other means necessary to place him or her in communication with a lawyer.[70]
Under this rule a defendant in every criminal case must be advised of the right to a lawyer (attorney or counsel) "as soon as practicable" after arrest. The Washington State Bar Association Task Force comment to the rule and this court have defined the phrase "as soon as practicable" to mean "immediately."[71] According to Templeton Petitioners and Dunn Respondents, inasmuch as a defendant must be immediately advised of the right to counsel, that right cannot be qualified and must be expressed without limitation in words "easily understood."[72] If not, they argue, the right is deprived of its substance and a suspect's right to counsel under CrRLJ 3.1 is violated.
This court has observed that former JCrR 2.11, which was replaced by CrRLJ 3.1, "goes beyond the requirements of the Constitution."[73] In this case, Templeton Respondents and Dunn Petitioners argue that the WSP DUI Arrest Report form limiting their right to an attorney only to the time of questioning violated CrRLJ 3.1 because it does not allow suspects to exercise their rule-compelled right to counsel before submitting to the breath test.[74] The challenges of Templeton Petitioners and Dunn Respondents do not raise Fifth Amendment concerns because a breath test is not testimonial evidence.[75] Nor is the Sixth Amendment applicable because the defendants had not been cited before they were asked to submit to the breath tests. Recognizing this, the Court of Appeals in Templeton correctly stated that neither "the state constitution nor federal constitution confers a right to counsel immediately upon arrest."[76] Thus, the right to counsel in these cases, Templeton and Dunn, is provided by CrRLJ 3.1.
We have previously recognized that the right to counsel under CrRLJ 3.1 is essential to the effective preparation of defense against the charge of DUI.[77] This means that while in custody a suspect must be advised of the right to counsel and provided access to counsel in order that the suspect may determine whether to submit to the BAC breath test, arrange for alternative testing, and present other exculpatory evidence such as video and disinterested third party witnesses.[78]

RULE-MAKING POWER
The State challenges CrRLJ 3.1, questioning whether the rule is a proper exercise of this court's rule-making authority.[79] Generally, this court acquires its rule-making authority from the Legislature and from its inherent power to prescribe rules of procedure and practice.[80] Promulgation of *642 state court rules creates procedural rights.[81] Creation of substantive rights is in the province of the Legislature in the absence of any constitutional prohibitions.[82] The State argues that the rule, which governs practices and procedures of police authorities and not those of the courts, violates the separation of powers doctrine. We are not persuaded by these arguments made by the State.
We have previously been asked to determine whether a court rule was a procedural matter within the power of the court or a substantive matter solely within the function of the Legislature.[83] In recognizing that "a clear line of demarcation cannot always be delineated between what is substantive and what is procedural"[84] and that there is "`some mingling and overlapping of powers between the three separate departments of our government,'"[85] this court follows general guidelines in analyzing the issue. That framework differentiates between substantive and procedural matters:
Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.[86]
In response to the State's argument that promulgation of the rule is beyond the authority of this court, Templeton Petitioners and Dunn Respondents maintain that a court rule need not be constitutionally or statutorily grounded as long as there is a nexus between the rule and the court's procedural powers or responsibilities.[87] The Court of Appeals in Templeton agreed.[88] In support of this proposition those Petitioners and Respondents cite State v. Smith and State v. Fields.[89]
Smith involved a challenge to a court rule which authorized bail in all cases, including capital cases, while our state constitution, article I, section 20, and a statute authorized bail for criminal actions except certain capital cases.[90] Similar to the argument in this case, the State argued that the rule created a substantive right outside the court's rule-making powers. Notwithstanding those inconsistencies, we upheld the rule, reasoning that the right to fix bail is related to the court's responsibility to ensure that the alleged offense is adjudicated, a matter which is essentially procedural in nature.[91]
Using the framework established in Smith, this court in Fields addressed the issue whether the Supreme Court in the exercise of its rule-making authority may expand the grounds for issuance of a search warrant beyond those legislatively authorized.[92] The court noted several grounds justifying the rule. Search warrants come within the ambit of RCW 2.04.190, which specifically confers authority upon the court to prescribe rules for "taking and obtaining evidence...."[93] And because issuance of a search warrant is part of the criminal process, it too is a matter of procedure, thus subject to the court's inherent power to determine court procedures.[94]
To distinguish Smith and Fields, the State maintains that the court rules in those cases *643 involved functions related to the mechanics of court business,[95] the right to set bail relates to the court's authority to adjudicate the matter, and the power to issue warrants requires the court's participation in ensuring the existence of probable cause. It additionally asserts that, unlike the right to counsel, those rights are procedural matters well within the purview of this court's rule-making authority.
To support its contention, the State cites a Michigan Court of Appeals decision, People v. Reichenbach, which invalidated a court rule that prohibited use of a prior conviction to enhance a subsequent conviction unless the defendant had been represented by counsel or waived that right.[96] At the time it was promulgated, the rule represented a summary of existing case law with the United States Supreme Court decision in Baldasar v. Illinois[97] as the cornerstone; however, in a subsequent case, Nichols v. United States,[98] the Supreme Court overruled Baldasar. As a result, the Michigan Court of Appeals held the rule invalid on the grounds that it no longer related to any practice or procedure supported by case law.[99] On review, however, in affirming the decision on other grounds, the Michigan Supreme Court did not reach the question of whether the right to counsel compelled by the court rule exceeded the court's rule-making authority or violated the doctrine of separation of powers.[100] Instead, it simply held that the rule did not apply to the defendant's case.[101] The State's citation of Reichenbach has no logical application to these cases. Even if we were to follow the rationale of an intermediate appellate court from another state, CrRLJ 3.1 has been validated by our own court's prior decisions.[102]
City of Tacoma v. Heater and the line of cases following have not been overruled.[103] In State v. Fitzsimmons (Fitzsimmons I) we reaffirmed the rule announced in Heater.[104] Defendant Fitzsimmons was arrested and charged with DUI. While in custody, he asked to speak with an attorney, but the arresting officer told him he would have to wait until the time of pretrial or arraignment. The defendant then refused to take the "Breathalyzer" test. This denial of right to counsel, the court ruled, was a violation of both the Sixth Amendment and former JCrR 2.11.[105] On certiorari to the United States Supreme Court, Fitzsimmons was vacated and remanded to this court for clarification of whether the decision was "based upon federal or state constitutional grounds, or both."[106] On remand (Fitzsimmons II), this court reaffirmed its decision "with no alterations or amendments," stating that its decision independently relied on our state court rule, former JCrR 2.11, promulgated "as a matter of state law pursuant to statute, RCW 2.04.190" and "as part of the State Supreme Court's inherent rule-making powers as `an integral part of the judicial process.'"[107] *644 Consequently, Fitzsimmons II states the right to counsel established by court rule is a "procedural" matter promulgated under this court's rule-making authority.
This court in Juckett upheld Fitzsimmons
I, observing that the right to counsel established under the court rule affords a suspect the right to consult an attorney prior to submitting to a "Breathalyzer" test.[108] In Heinemann v. Whitman County, this court, in holding that former JCrR 2.11 did not attach before arrest at the time of a field sobriety test, upheld the rule, stating that "[u]nder JCrR 2.11(c) ... the defendant must be advised of his right to counsel immediately when he has been taken into custody."[109]
Under Smith and Fields the validity of a court rule need not stand solely on either constitutional or statutory grounds. A nexus between the rule and the court's rule-making authority over procedural matters validates the court rule, despite possible discrepancies between the rule and legislation or the constitution.[110] Although this case is dissimilar to Smith in the fact that neither statute nor constitutional provision directly contravene the court rule, it is consistent with our previous rulings that we follow our decisions in Smith and Fields.
As we indicated in Fitzsimmons II, the right to counsel under former JCrR 2.11 (now CrRLJ 3.1) comes within the ambit of RCW 2.04.190 and the court's inherent power to prescribe procedural court rules.[111] Because of the fleeting nature of intoxication evidence acknowledged by this court in Heater, the rule affects and regulates the process of "taking and obtaining evidence" and preservation of such evidence. Preservation of evidence is a procedural matter.
The Court of Appeals in Templeton identifies the two purposes of CrRLJ 3.1.[112] One purpose is to ensure that arrested persons are aware of their right to counsel before they provide evidence which might tend to incriminate them.[113] The other purpose is to ensure that persons arrested know of their right to counsel in time to decide whether to acquire exculpatory evidence such as disinterested witnesses or alternative blood alcohol concentration tests.[114] As in Fields, this regulates an aspect of the criminal process. These purposes, coupled with relevant case law, support our conclusion that the rule is a proper exercise of this court's power to determine rules of procedure.

SUFFICIENCY OF ADVISEMENT OF RIGHTS
We next consider whether the advisement WSP DUI Arrest Report form satisfied CrRLJ 3.1(b)(1) which provides that "[t]he right to a lawyer shall accrue as soon as feasible after the defendant has been arrested." The advisement form employed by law enforcement prior to the dates of arrest in these cases (previous form) stated that "[y]ou have the right at this time to an attorney of your own choosing and to have him or her present before or during questioning."[115] The form further provided that "[i]f you cannot afford an attorney you are entitled to have one appointed for you by the *645 court without cost to you and to have him or her present before or during questioning."[116] On the dates of the arrests in these consolidated cases, a revision had been made to the form (revised form) deleting the words "at this time." The effect of this revision was to provide that the right to a lawyer accrues, not when a person is taken into custody, but rather at the time an arrestee is questioned or judicial proceedings instituted, whichever is earlier.
As we have noted, the court rule, which we construe to provide a right to counsel immediately upon arrest, goes beyond the constitutional requirements of the Fifth and Sixth Amendments of the United States Constitution. As set forth in Miranda v. Arizona,[117] under the Fifth Amendment the advisement of rights need be given only if a suspect is in custody and about to be interrogated.[118] Further, absent the court rule, the right to counsel guaranteed by the Sixth Amendment attaches only if judicial proceedings have been initiated.[119]
The State contends that the giving of Miranda rights satisfied CrRLJ 3.1, relying on Juckett and State v. Teller.[120] In both those cases the court concluded the warnings read to defendants (except for Defendant Marquez in Juckett) were sufficient to advise them of their right to counsel under Miranda and under the court rule. The advisement read in those cases, however, adequately conveyed that the defendants had a right to assistance of counsel immediately after arrest and could exercise that right at any time.[121]
In Templeton the Court of Appeals, Division One, acknowledges that "[p]roperly worded Miranda warnings may be sufficient to advise a person of the rule-based right to counsel even if the warnings do not mirror the language of the rule. If the warnings given here had adequately conveyed to Respondents their right to consult counsel before the breath test, then the warnings would have satisfied the rule."[122] Division One concluded, "Unfortunately, they did not."[123]
In Dunn, the Court of Appeals, Division Two, agreed that the warnings did not satisfy the rule. "The revised form stated that the right to a lawyer accrues when the defendant is questioned. A defendant can be in custody, yet not be questioned. Clearly then, the revised form did not satisfy the rules."[124]
Where Divisions One and Two part company on this issue is in determining whether the failure to satisfy the rule prejudiced these defendants.

HARMLESS ERROR ANALYSIS
Having concluded that the error in this case resulted from violation of a court rule, rather than a constitutional infirmity, the stringent "`harmless error beyond a reasonable doubt'" standard does not apply.[125] Instead, we apply the rule "[a]n error is prejudicial if, `within reasonable probabilities, [if] the error [had] not occurred, the outcome of the trial would have been materially affected.'"[126]
Applying that standard, under the circumstances of these consolidated cases, *646 there was no harm to the defendants by the use of the revised form, which failed to comply with the court rule. That is because in each case, each officer advised each defendant of the right to counsel before and during any questioning. As stated by Judge Morgan, "[t]he combined effect was to inform each defendant that he or she had a right to counsel right nowin other words, `as soon as feasible after [being] taken into custody[.]'"[127] "No defendant thereafter requested counsel, so it is apparent that none would have requested counsel even if a correct form had been used."[128] In fact, none of the defendants has alleged that but for the improper form he or she would have requested counsel before answering questions or submitting to the breath test. To insist on the form as required by the court rule would be taking advantage of a technicality to suppress the most reliable evidence of driving while intoxicated in each of these cases.
"Exclusion or suppression of evidence is an extraordinary remedy and should be applied narrowly."[129] In ruling on suppression a court should consider: (1) the effectiveness of the less severe sanctions; (2) the impact of suppression on the evidence at trial and the outcome; (3) the extent to which the objecting party will be surprised or prejudiced by the evidence; and (4) whether the violation was willful or in bad faith.[130] Suppression is a harsh remedy to be used sparingly only where justice so requires and not where error is harmless.
Defendants urge that DUI prosecutions present a unique situation because of the transitory nature of the evidence of intoxication. However, this claim is not unique to DUI prosecutions. DNA evidence from perspiration, saliva, blood, and other bodily fluids is common perishable evidence in rape and murder cases just as is blood alcohol evidence. In addition, blood alcohol tests for alcohol and drug evidence may be claimed to be important elements of a diminished capacity defense in any criminal case.
Because the officers advised each defendant of the right to counsel before questioning and then proceeded to question each defendant, who waived the right to counsel, there was no harm. Had the officers merely administered the breath test, without going through the advisement of rights in connection with the breath test, suppression might be justified. However, under these facts, the error in the advisement of rights was harmless; therefore suppression is unwarranted.

SUMMARY AND CONCLUSIONS
The State's challenge to the rule-making authority of the Supreme Court is without merit because there is a nexus between CrRLJ 3.1 and the court's rule-making authority over procedural matters. The right to counsel under CrRLJ 3.1 comes within the ambit of RCW 2.04.190 and the court's inherent power to prescribe procedural court rules. The rule affects and regulates the process of "taking and obtaining evidence" and the preservation of such evidence. Preservation of evidence is a procedural matter.
The harsh and extraordinary remedy of suppression is unwarranted in these cases, even where the requirement of CrRLJ 3.1 that counsel be provided "as soon as feasible" has not been followed, because under the circumstances the breath evidence was not tainted. Each defendant understood that he or she had a right to counsel before the administration of the breath test. None of the defendants alleged that but for the improper form he or she would have requested counsel before answering questions or submitting to the breath test. We affirm the Court of Appeals, Division Two in State v. Dunn which held that inadequate CrRLJ 3.1 warnings given to the defendants by the officer was harmless error not requiring suppression of the BAC Verifier DataMaster test results. We reverse the Court of Appeals, Division One, in State v. Templeton, which suppressed the breath test results.
*647 ALEXANDER, C.J., and BRIDGE, MADSEN and OWENS, JJ., concur.
SMITH, J., dissents and files an opinion, joined by JOHNSON, SANDERS and CHAMBERS, JJ.
SMITH, J., dissenting.
I respectfully disagree with the conclusion reached by the majority. Reaching the opposite conclusion, I would affirm the Court of Appeals, Division One, in State v. Templeton, 107 Wash.App. 141, 27 P.3d 222 (2001) and reverse the Court of Appeals, Division Two, in State v. Dunn, 108 Wash.App. 490, 28 P.3d 789 (2001).
The State challenges Criminal Rule for Courts of Limited Jurisdiction (CrRLJ) 3.1, questioning whether the rule is a proper exercise of this court's rule-making authority. The State contends that because the right to counsel under CrRLJ 3.1 has no constitutional or statutory basis, enactment of the rule creates a substantive right to counsel which exceeds this court's judicial power and invalidates the rule. That argument is without merit.
Under State v. Smith, 84 Wash.2d 498, 527 P.2d 674 (1974), and State v. Fields, 85 Wash.2d 126, 530 P.2d 284 (1975), the validity of a court rule need not stand solely on either constitutional or statutory grounds. A nexus between the rule and the court's rule-making authority over procedural matters validates the court rule, despite possible discrepancies between the rule and legislation or the constitution. Although this case is dissimilar to Smith in the fact that no statute or constitutional provision directly contravenes the court rule, a determination that the rule is valid is consistent with this court's previous rulings which follow our decisions in Smith and Fields.
The right to counsel established by court rule is a procedural matter under this court's rule-making authority. The right to counsel under CrRLJ 3.1 comes within the ambit of RCW 2.04.190 and the court's inherent power to prescribe procedural court rules. Because of the fleeting nature of intoxication evidence previously acknowledged by this court, the rule affects and regulates the process of taking and obtaining evidence and preservation of such evidence. RCW 2.04.190. Preservation of evidence is a procedural matter.
I believe the error in not following the requirements of CrRLJ 3.1 resulted in prejudicial harm to the accused persons. I would conclude that suppression of the evidence is the proper remedy.
Templeton Respondents and Dunn Petitioners had a statutory right to submit or not to submit to the blood alcohol (BAC) breath tests. If their right had not been improperly qualified under the Washington State Patrol DUI Arrest Report form, they would have known they were entitled to consult an attorney before administration of the breath alcohol test so that their attorneys could advise them of the best course of action whether to take or refuse to take the breath alcohol test. When the right to counsel of Templeton Respondents and Dunn Petitioners was improperly limited by the officers, they were prejudiced by deprivation of possible helpful advice from their attorneys. Violation of CrRLJ 3.1 thus resulted in prejudicial harm that requires suppression of the BAC Verifier DataMaster results to protect the rights of the accused persons to a fair trial.
I would therefore affirm the Court of Appeals, Division One, in State v. Templeton, which held promulgation of CrRLJ 3.1 to be a proper exercise of the Supreme Court's rule-making powers, and that the advice of the right to counsel given the accused persons by the officers did not meet the requirements of CrRLJ 3.1 which constituted prejudicial error requiring suppression of the BAC breath test results. I would reverse the Court of Appeals, Division Two, in State v. Dunn, which held that inadequate CrRLJ 3.1 warnings given to the accused persons by the officers was harmless error not requiring suppression of the BAC breath test results.
NOTES
[1] State v. Templeton, 107 Wash.App. 141, 27 P.3d 222 (2001).
[2] State v. Dunn, 108 Wash.App. 490, 28 P.3d 789 (2001).
[3] The BAC Verifier DataMaster machine was used to test breath samples of all Templeton Respondents and Dunn Petitioners. The machine was first approved by this court in State v. Ford, 110 Wash.2d 827, 755 P.2d 806 (1988), and subsequently in State v. Straka, 116 Wash.2d 859, 810 P.2d 888 (1991) and in State v. Wittenbarger, 124 Wash.2d 467, 880 P.2d 517 (1994).
[4] Templeton, 107 Wash.App. at 150-52, 27 P.3d 222.
[5] Dunn, 108 Wash.App. at 493-95, 28 P.3d 789.
[6] CrR 3.1 for Superior Courts is identical in language and likewise is implicated by this decision.
[7] Consolidated cases titled State of Washington v. John D. Templeton, Benjamin Marginean, James Marsh and Richard Post, Nos. 45384-0-I, 45386-6-I, 45387-4-I, 45969-4-I.
[8] Clerk's Papers (CP) (Templeton) at 50; CP (Marginean) at 46; and CP (Post) at 101 A.
[9] CP (Marsh) at 88.
[10] 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See CP (Templeton) at 73; CP (Marginean) at 27; CP (Marsh) at 93; CP (Post) at 70.
[11] CP (Templeton) at 27; CP (Marginean) at 50; CP (Marsh) at 90; and CP (Post) at 103.
[12] Id.
[13] Id.
[14] The implied consent warning form read:

WARNING! YOU ARE UNDER ARREST FOR:
Driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor.
Being under 21 years of age and driving or being in actual control of a motor vehicle after consuming alcohol.
Driving a commercial motor vehicle while having alcohol in your system.
Other __________
FURTHER, YOU ARE NOW BEING ASKED TO SUBMIT TO A TEST OF YOUR BREATH WHICH CONSISTS OF TWO SEPARATE SAMPLES OF YOUR BREATH, TAKEN INDEPENDENTLY, TO DETERMINE ALCOHOL CONCENTRATION. YOU ARE NOW ADVISED THAT YOU HAVE THE RIGHT TO REFUSE THIS BREATH TEST; THAT IF YOU REFUSE, YOUR LICENSE, PERMIT, OR PRIVILEGE TO DRIVE WILL BE REVOKED OR DENIED BY THE DEPARTMENT OF LICENSING; AND THAT YOU HAVE THE RIGHT TO ADDITIONAL TESTS ADMINISTERED BY A QUALIFIED PERSON OF YOUR OWN CHOOSING AND THAT YOUR REFUSAL TO TAKE THE TEST MAY BE USED IN A CRIMINAL TRIAL; AND
YOU ARE FURTHER ADVISED THAT YOUR LICENSE, PERMIT, OR PRIVILEGE TO DRIVE WILL BE SUSPENDED, REVOKED, DENIED, OR PLACED IN PROBATIONARY STATUS IF THE TEST IS ADMINISTERED AND THE TEST INDICATES THE ALCOHOL CONCENTRATION OF YOUR BREATH IS 0.10 OR MORE, IF YOU ARE AGE 21 OR OVER, OR 0.02 OR MORE IF YOU ARE UNDER AGE 21.
. . . .
In State v. Bostrom, 127 Wash.2d 580, 902 P.2d 157 (1995) this court upheld the constitutionality of the warnings given pursuant to RCW 46.20.308 and held that they did not deprive drivers of an opportunity to make knowing and intelligent decisions whether to take a BAC test. RCW 46.20.308 reads in part:
(1) Any person who operates a motor vehicle within this state is deemed to have given consent, subject to the provisions of RCW 46.61.506, to a test or tests of his or her breath or blood for the purpose of determining the alcohol concentration or presence of any drug in his or her breath or blood if arrested....
[15] Br. of Templeton at 2-9.
[16] CP (Templeton) at 50; CP (Marginean) at 49; CP (Marsh) at 94; and CP (Post) at 69. Templeton Respondents were charged under former RCW 46.61.502 (1994) and 46.61.506 (1995). The statutes were subsequently amended to reflect a blood alcohol concentration limit of 0.08 instead of 0.10.
[17] CP (Templeton) at 50; CP (Marginean) at 70; and CP (Post) at 69. See RCW 46.61.502 and 46.61.506. The actual charge was "driving while under the influence of or affected by intoxicating liquor or any drug."
[18] CP (Marsh) at 51. RCW 46.61.503 (Driver under 21 consuming alcohol) provides that a person driving or being in physical control of a motor vehicle is guilty after consuming alcohol if the person operates or is in physical control of a motor vehicle within the state and the person "(a) Is under the age of twenty-one; (b) Has, within two hours after operating or being in physical control of the motor vehicle, an alcohol concentration of at least 0.02 but less than the concentration specified in RCW 46.61.502[.08], as shown by analysis of the person's breath or blood made under RCW 46.61.506."
[19] CP (Templeton) at 52; Marginean at 72-87; CP (Marsh) at 53-56; and Br. of Templeton at 4.
[20] CP (Templeton) at 17-27; CP (Marginean) at 32-34; CP (Marsh) at 22; and CP (Post) at 30-39.
[21] CP (Templeton) at 73-7; CP (Marginean) at 27-30.
[22] CP (Marsh) at 95-100.
[23] CP (Templeton) at 58-76; CP (Marginean) at 88-104; and CP (Marsh) at 63-77.
[24] CP (Templeton) at 97-8; CP (Marginean) at 179-80; CP (Marsh) at 141-42.
[25] CP (Post) at 5; Br. of Templeton at 4.
[26] CP (Post) at 1, 16.
[27] Id. at 5.
[28] Br. of Templeton at 4.
[29] Templeton, 107 Wash.App. at 150-53, 27 P.3d 222.
[30] Order Granting Petition for Review, 145 Wash.2d 1015, 41 P.3d 484 (2002).
[31] Br. of Dunn at App. A; CP (Wright) at 93; CP (Roesch) at 21.
[32] See Br. of Dunn at App. A; CP (Wright) at 10; CP (Roesch) at 21.
[33] Id.
[34] Id.
[35] See Br. of Dunn and Wright at 2; CP (Wright) at 51.
[36] CP (Roesch) at 26.
[37] See Br. of Dunn and Wright at 2, 4; CP (Roesch) at 2.
[38] See Br. of Dunn at App. B.
[39] Transcribed Audio Taped Report of the Proceedings at 10.
[40] CP (Roesch) at 26.
[41] Br. of Dunn at 2; Br. of Wright at 2; CP (Roesch) at 30.
[42] CP (Dunn) at 4-5.
[43] CP (Wright) at 97-100.
[44] CP (Roesch) at 51-5.
[45] Pet. for Review (Dunn) at 1.
[46] Dunn, 108 Wash.App. at 493-95, 28 P.3d 789.
[47] Order Granting Pet. for Review, 145 Wash.2d 1015, 41 P.3d 484 (2002). State v. Templeton, No. 71502-5, was consolidated with State v. Dunn, No. 71529-7.
[48] See Kirby v. Illinois, 406 U.S. 682, 688-89, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Miranda, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
[49] Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); City of Tacoma v. Heater, 67 Wash.2d 733, 735, 409 P.2d 867 (1966).
[50] U.S. Const. amend. V.
[51] Miranda, 384 U.S. at 439, 86 S.Ct. 1602.
[52] "No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." Const. art. I, § 9.
[53] Heater, 67 Wash.2d at 736, 409 P.2d 867 (citing State v. Schoel, 54 Wash.2d 388, 341 P.2d 481 (1959)).
[54] Miranda, 384 U.S. at 444, 86 S.Ct. 1602.
[55] Id. at 479, 86 S.Ct. 1602.
[56] Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995); Miranda, 384 U.S. at 436, 86 S.Ct. 1602.
[57] Keohane, 516 U.S. at 107, 116 S.Ct. 457.
[58] Miranda, 384 U.S. at 469, 86 S.Ct. 1602; State v. Stewart, 113 Wash.2d 462, 478, 780 P.2d 844 (1989) ("The Fifth Amendment right to counsel exists solely to guard against coercive, and therefore unreliable, confessions obtained during in-custody interrogation ....").
[59] U.S. Const. amend. VI.
[60] "In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel ...." Const. art. I, § 22.
[61] Powell v. Alabama, 287 U.S. 45, 47, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
[62] Heater, 67 Wash.2d at 737, 409 P.2d 867.
[63] The police regulation challenged in Heater prohibited DUI suspects from making telephone calls until four hours after arrest under the reasoning that a person under the influence of intoxicants would have reached a state of sobriety after four hours. Heater, 67 Wash.2d at 740, 409 P.2d 867.
[64] Heater, 67 Wash.2d at 737-41, 409 P.2d 867.
[65] Kirby, 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed.2d 411.
[66] Keefe v. Dep't of Licensing, 46 Wash.App. 627, 629, 731 P.2d 1161, review denied, 108 Wash.2d 1018 (1987) (citing State ex rel. Juckett v. Evergreen Dist. Court, 100 Wash.2d 824, 829, 675 P.2d 599 (1984)). See Heinemann v. Whitman County Dist. Court, 105 Wash.2d 796, 718 P.2d 789 (1986).
[67] The State is Petitioner in State v. Templeton and Respondent in State v. Dunn.
[68] Br. of Dunn at 4.
[69] Br. of Dunn at 11 (citing Heinemann 105 Wash.2d at 802, 718 P.2d 789 (interpreting JCrR 2.11, predecessor to CrRLJ 3.1)).
[70] CrRLJ 3.1. (Emphasis added.)
[71] See State v. Trevino, 127 Wash.2d 735, 744, 903 P.2d 447 (1995); 4B Lewis H. Orland & Karl B. Tegland, Washington Practice, Rules Practice CrRLJ 3.1 task force cmt. at 455-57 (5th ed.1997). The Washington State Bar Association in 1987 appointed a task force on Rules for Courts of Limited Jurisdiction.
[72] Br. of Templeton at 6-7, Br. of Dunn at 7.
[73] Heinemann, 105 Wash.2d at 802, 718 P.2d 789; Trevino, 127 Wash.2d at 743 n. 9, 903 P.2d 447.
[74] State v. Fitzsimmons, 93 Wash.2d 436, 444-45, 610 P.2d 893, vacated and remanded, 449 U.S. 977, 101 S.Ct. 390, 66 L.Ed.2d 240 (1980), (Fitzsimmons I), affirmed on remand, 94 Wash.2d 858, 620 P.2d 999 (1980) (Fitzsimmons II); Juckett, 100 Wash.2d at 828, 675 P.2d 599 (ruling that the right to counsel under former JCrR 2.11 [superseded in different wording by CrRLJ 3.1] attaches before administration of a breath alcohol test).
[75] State v. Franco, 96 Wash.2d 816, 828-29, 639 P.2d 1320 (1982).
[76] Templeton, 107 Wash.App. at 145, 27 P.3d 222. The opinions, including ours, variously refer to "counsel," "attorney," and "lawyer," each of which is synonymous.
[77] Heater, 67 Wash.2d at 739, 409 P.2d 867; Fitzsimmons I, 93 Wash.2d at 442-43, 610 P.2d 893.
[78] Heater, 67 Wash.2d at 739, 409 P.2d 867; Fitzsimmons I, 93 Wash.2d at 445, 610 P.2d 893.
[79] Br. of State at 1.
[80] State v. Smith, 84 Wash.2d 498, 501-02, 527 P.2d 674 (1974); Emwright v. King County, 96 Wash.2d 538, 543, 637 P.2d 656 (1981).
[81] In re Welfare of Messmer, 52 Wash.2d 510, 512, 326 P.2d 1004 (1958).
[82] See Suburban Fuel Co. v. Lamoreaux, 4 Wash. App. 179, 181, 480 P.2d 216 (1971).
[83] Smith, 84 Wash.2d at 499-500, 527 P.2d 674 (1974).
[84] Id. at 501, 527 P.2d 674.
[85] Emwright, 96 Wash.2d at 543, 637 P.2d 656 (quoting Household Fin. Corp. v. State, 40 Wash.2d 451, 455, 244 P.2d 260 (1952)).
[86] Smith, 84 Wash.2d at 501, 527 P.2d 674.
[87] Templeton, 107 Wash.App. at 146, 27 P.3d 222.
[88] Smith, 84 Wash.2d 498, 527 P.2d 674.
[89] State v. Fields, 85 Wash.2d 126, 530 P.2d 284 (1975).
[90] Smith, 84 Wash.2d at 503-08, 527 P.2d 674.
[91] Id. at 502, 527 P.2d 674.
[92] Fields, 85 Wash.2d at 127, 530 P.2d 284.
[93] Id. at 128-29, 530 P.2d 284.
[94] Id.
[95] Pet. for Review (Templeton) at 10.
[96] People v. Reichenbach, 224 Mich.App. 186, 568 N.W.2d 383 (1997), aff'd, 459 Mich. 109, 587 N.W.2d 1 (1998).
[97] 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980).
[98] 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).
[99] Reichenbach, 224 Mich.App. at 192-93, 568 N.W.2d 383.
[100] People v. Reichenbach, 459 Mich. 109, 127 n. 18, 587 N.W.2d 1 (1998).
[101] Id.
[102] Heater, 67 Wash.2d at 737, 409 P.2d 867; Smith, 84 Wash.2d 498, 527 P.2d 674; Fields, 85 Wash.2d 126, 530 P.2d 284; Juckett, 100 Wash.2d 824, 675 P.2d 599; Trevino, 127 Wash.2d 735, 903 P.2d 447.
[103] See id.
[104] Fitzsimmons, 93 Wash.2d 436, 610 P.2d 893, vacated and remanded, 449 U.S. 977, 101 S.Ct. 390, 66 L.Ed.2d 240 (1980), affirmed on remand, 94 Wash.2d 858, 620 P.2d 999 (1980).
[105] Fitzsimmons I, 93 Wash.2d at 449-51, 610 P.2d 893.
[106] Washington v. Fitzsimmons, 449 U.S. 977, 101 S.Ct. 390, 66 L.Ed.2d 240 (1980).
[107] Fitzsimmons II, 94 Wash.2d at 858-59, 620 P.2d 999 (quoting Smith, 84 Wash.2d at 502, 527 P.2d 674). Former JCrR 2.11(c) has been superseded by CrRLJ 3.1(c)(2) in substantially the same language.
[108] Juckett, 100 Wash.2d at 828-30, 675 P.2d 599.
[109] Heinemann, 105 Wash.2d at 802, 718 P.2d 789. The task force replaced the phrase "is taken into custody" with the "has been arrested" upon adoption of CrRLJ 3.1.
[110] See Smith, 84 Wash.2d at 501-02, 527 P.2d 674; Fields, 85 Wash.2d at 128-29, 530 P.2d 284.
[111] RCW 2.04.190 provides in part: "The supreme court shall have the power to prescribe... the forms of writs and all other process ... of taking and obtaining evidence ... and generally to regulate and prescribe by rule the forms for and the kind and character of entire pleading, practice and procedure to be used in all suits, actions, appeals and proceedings of whatever nature ...."
[112] Templeton, 107 Wash.App. at 147, 27 P.3d 222.
[113] Id. (quoting Trevino, 127 Wash.2d at 746, 903 P.2d 447).
[114] Id. (citing Heater, 67 Wash.2d at 739, 409 P.2d 867).
[115] Dunn, 108 Wash.App. at 492, 28 P.3d 789 (emphasis added.) See also id. at 492 n. 5, 28 P.3d 789.
[116] Dunn, 108 Wash.App. at 492, 28 P.3d 789.
[117] 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
[118] Heinemann, 105 Wash.2d at 802, 718 P.2d 789.
[119] Id.
[120] Juckett, 100 Wash.2d at 831, 675 P.2d 599; State v. Teller, 72 Wash.App. 49, 863 P.2d 590 (1993).
[121] Juckett, 100 Wash.2d at 827, 675 P.2d 599; Teller, 72 Wash.App. at 51, 863 P.2d 590. The WSP DUI Arrest Report form used in the cases now before the court does not include the words "at this time."
[122] Templeton, 107 Wash.App. at 150, 27 P.3d 222 (footnote omitted).
[123] Id.
[124] Dunn, 108 Wash.App. at 493, 28 P.3d 789.
[125] State v. Cunningham, 93 Wash.2d 823, 831, 613 P.2d 1139 (1980) (quoting State v. Nist, 77 Wash.2d 227, 234, 461 P.2d 322 (1969)).
[126] State v. Neal, 144 Wash.2d 600, 611, 30 P.3d 1255 (2001) (quoting Smith, 106 Wash.2d at 780, 725 P.2d 951).
[127] Dunn, 108 Wash.App. at 495, 28 P.3d 789 (quoting CrR 3.1(b)(1); CrRLJ 3.1(b)(1)).
[128] Id.
[129] State v. Hutchinson, 135 Wash.2d 863, 882, 959 P.2d 1061 (1998).
[130] See id. at 882-83, 959 P.2d 1061.