IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33415-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CRAIG STEVEN COLEMAN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Craig Coleman appeals his convictions for first

degree identity theft and second degree theft. He argues the State presented insufficient

evidence to support both convictions. Mr. Coleman also submitted a statement of

additional grounds for review (SAG). In affirming, we determine that sufficient evidence

supports both convictions and reject Mr. Coleman's SAG arguments.

FACTS

The State charged Mr. Coleman with first degree identity theft and second degree

theft. The following facts were testified to at trial:

On September 2, 2014, Mr. Coleman entered the Baker Boyer Bank in Kennewick

to cash a check made payable to him in the amount of $3,470.18. The check was drawn

on the account of Columbia River Plumbing and the maker's signature appeared genuine to the teller. Mr. Coleman endorsed the check and the teller gave Mr. Coleman $3,470.18 in cash. The teller soon after had doubts whether the check was genuine. She directed a coworker to contact the owner of Columbia River Plumbing.

Desiree Lindstrom is the owner of Columbia River Plumbing. She testified that she does the payroll for her small company, and that she knows all of her employees and all of the subcontractors her company uses. She testified that Mr. Coleman was never an employee nor a subcontractor for her company. She told the jury she had never met Mr. Coleman, nor had she ever written a check on her company account for $3,470.18. She explained she used the check number on the check to identify the true payee, which was Hooper's Plumbing. She further explained that the bank credited her business's account after its investigation.

On cross-examination, Ms. Lindstrom admitted that Hooper's Plumbing never called her to report the check missing. On re-direct, she stated the check she wrote to Hooper's Plumbing was never located. She also emphatically stated that Hooper's Plumbing never used her company's check to pay anyone.

On re-cross, she stated she had discussions with Hooper's Plumbing about the check—inferring that it was she who called that company about the check—but defense

2

counsel told her she could not testify about those discussions.

The jury convicted Mr. Coleman on both counts. He appeals.

## ANALYSIS

A.   SUFFICIENCY OF EVIDENCE FOR BOTH CONVICTIONS

In a criminal case, the State must provide sufficient evidence to prove each element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* Furthermore, "[a] claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* In a challenge to the sufficiency of the evidence, circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004).

A person commits first degree identity theft when that person knowingly obtains, possesses, transfers, or uses a means of identification or financial information *with the*

3

*intent to commit or to aid and abet any crime*, and obtains credit, money, goods, services, or anything else of value in excess of $1,500. RCW 9.35.020(1)-(2). A person commits second degree theft when that person wrongfully obtains or exerts unauthorized control over someone else's property, and *intends to deprive the other person of his or her property*. RCW 9A.56.020(1)(a); RCW 9A.56.040(1)(a). Here, Mr. Coleman challenges the sufficiency of the evidence on the italicized intent elements of these two crimes.

Intent means acting "with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). "Intent is rarely provable by direct evidence, but may be gathered, nevertheless, from all of the circumstances surrounding the event." *State v. Gallo*, 20 Wn. App. 717, 729, 582 P.2d 558 (1978). Criminal intent may be inferred "from conduct that plainly indicates such intent as a matter of logical probability." *State v. Abuan*, 161 Wn. App. 135, 155, 257 P.3d 1 (2011).

The State presented the following evidence to support its case: (1) Mr. Coleman was not an employee of Columbia River Plumbing or one of its subcontractors; (2) Ms. Lindstrom, who oversees Columbia River Plumbing's payroll, never authorized a payroll check for Mr. Coleman; (3) Mr. Coleman did not have permission to use Columbia River Plumbing's checks; (4) the check number of the company check negotiated by Mr. Coleman corresponded to a company check payable to Hooper's Plumbing, but for a

4

lesser amount; (5) Hooper's Plumbing never received the check; and (6) Hooper's

Plumbing would not use one of Columbia River Plumbing's checks to pay anyone.

Viewing the evidence and all inferences in the light most favorable to the State, a rational

trier of fact could find there was only one plausible reason for Mr. Coleman to possess the

altered check: Mr. Coleman, himself, altered the payee and the amount of the check with

the intent of using the altered check to deprive the bank of its property. We conclude that

a rational trier of fact could find, beyond a reasonable doubt, the State proved the intent

element of both crimes.

B.     STATEMENT OF ADDITIONAL GROUNDS

Mr. Coleman first argues the evidence is insufficient to support the convictions.

We addressed this argument above.

Mr. Coleman next asks this court for an order requiring the victim and witnesses in

this case to be interviewed before trial. He cites to *Brady v. Maryland*, 373 U.S. 83, 83 S.

Ct. 1194, 10 L. Ed. 2d 215 (1963) in support. In *Brady*, the Supreme Court held "that the

suppression by the prosecution of evidence favorable to an accused upon request violates

due process where the evidence is material either to guilt or to punishment, irrespective of

the good faith or bad faith of the prosecution." 373 U.S. at 87. Here, Mr. Coleman does

not assert that any evidence was withheld. He is merely asking for an order requiring the

5

victim and witnesses in this case to be interviewed before trial. *Brady* does not support

his request for such an order.

Mr. Coleman next argues his Sixth Amendment right to confront witnesses was

violated. Specifically, he argues Hooper's Plumbing was the victim, and as the victim

was required to testify, and the failure of Hooper's Plumbing to testify as to nonpayment

creates reasonable doubt whether Hooper's Plumbing even exists. Under the Sixth

Amendment to the United States Constitution, a defendant has a right to confront his

accuser. This right has been interpreted as prohibiting hearsay evidence to the extent such

evidence is testimonial in nature. *Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct.

1354, 158 L. Ed. 2d 177 (2004). Testimonial hearsay refers to pretrial statements or

assertions by a nontestifying witness which, when made, could reasonably be anticipated

to be used for prosecutorial purposes. *State v. Pearson*, 180 Wn. App. 576, 582, 321 P.3d

1285, *review denied*, __ Wn.2d __, 337 P.3d 327 (2014). Mr. Coleman's argument does

not present a *Crawford* confrontation issue. First, the issue of who the victim is has

nothing to do with the confrontation clause. Second, the bank, not Hooper's Plumbing,

was the victim. The bank was out $3,470 as a result of the altered check. Third, Ms.

Lindstrom testified that she had discussions with Hooper's Plumbing about the missing

check, but defense counsel correctly told Ms. Lindstrom she could not testify about those

discussions. Fourth, to the extent Ms. Lindstrom testified that Hooper's Plumbing did not receive the check, that statement was not testimonial hearsay. Such a statement by Hooper's Plumbing would be made for the purpose of having Ms. Lindstrom issue a replacement check, not for prosecutorial purposes.

Mr. Coleman finally argues the State's decision not to call a witness from Hooper's Plumbing violated his rights under article I, section 9 of the Washington Constitution. That section states, "No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." CONST. art. I, § 9. Section 9 concerns self-incrimination and double jeopardy protections. *See State v. Templeton*, 148 Wn.2d 193, 207-08, 59 P.3d 632 (2002) (explaining how the self-incrimination component of article I, section 9 is equivalent to the Fifth Amendment and receives the same definition and interpretation); *State v. Glasmann*, 183 Wn.2d 117, 121, 349 P.3d 829 (2015) (explaining how the double jeopardy component of article I, section 9 is equivalent to the Fifth Amendment and is interpreted the same). The State's decision not to call a witness from Hooper's Plumbing does not implicate Mr. Coleman's rights under article I, section 9. Mr. Coleman was not compelled to testify nor has he been placed in double jeopardy.

No. 33415-5-III
*State v. Coleman*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____          _____
Siddoway, J.                              Pennell, J.

8